# Clements *v.* Mayfield Woolen Mills.

## *Action of Assumpsit.*

1. *Action upon a stated account; variance between allegations and proof.*—Where, in an action of assumpsit, the complaint contains two counts, one declaring on an account stated, and the other for goods, wares and merchandise sold by the plaintiff to the defendant, and on the summons and complaint is the indorsement that the account sued on is verified by affidavit, and the account so verified upon being introduced in evidence, is composed of items of merchandise sold by the plaintiff to the defendant, there can not be said to be a fatal variance between the allegations of the complaint and the proof, in that the account as declared on in the complaint was one stated, and there

[Clements v. Mayfield Woolen Mills.]

was no proof that the one introduced in evidence had ever
been stated to the defendant.

2. *Judgment nil dicit improperly rendered after plea inter-
posed.*—In an action of assumpsit, where the defendant in-
terposes a plea of non assumpsit, it is improper for the
court to render a judgment *nil dicit* with the award of
a writ of inquiry; and the rendition of such judgment will
work a reversal:

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JOHN P. HUBBARD.

This was an action brought by the Mayfield Woolen
Mills, a corporation, against the appellant, R. A. Clem-
ents. The complaint contained two counts, the first
declaring upon an account stated, and the second
claiming the sum sued for as due for goods, wares,
and merchandise sold by the plaintiff to the defendant.
On the summons and complaint there was the indorse-
ment that the account sued on was verified by affidavit.
The defendant pleaded the general issue of non as-
sumpsit.

Upon the trial of the cause the defendant introduced
in evidence an account containing several items for
goods sold by the plaintiff to the defendant and showed
an account due as averred in the complaint. To this
account there was attached an affidavit made by the
secretary of the defendant in which the affiant stated
on his own knowledge that the account was just and
true, and that the amount shown to be due was cor-
rect, after allowing all just and lawful off-sets by pay-
ment and credits. This was all the evidence in the
cause. The defendant requested the court to give the
general affirmative charge in his behalf and duly ex-
cepted to the court's refusal to give the same as asked.

The judgment rendered in the case by the court was
as follows: "This day came the parties by attorneys,
and the defendant says nothing in bar or preclusion
of plaintiff's demand, and the amount of plaintiff's
damages being uncertain, a writ of inquiry is awarded.
Then came a jury of twelve good and lawful men, to-
wit, J. J. Ward and eleven others, who, being legally
sworn and empanelled, on their oaths says: 'We, the

jury, find for the plaintiff and assess his damages at $138.03.' It is, therefore, considered and adjudged by the court that the plaintiff in this cause have and recover of the defendant the sum of $138.03, together with the costs in this behalf expended, for which let execution issue."

The defendant appeals, and assigns as error the refusal of the court to give the general affirmative charge and the judgment as rendered in favor of the plaintiff.

MULKEY & MULKEY, for appellant.

No counsel marked as appearing for appellee.

HARALSON, J.—1. There are two counts in the complaint, one declaring on an account stated, and the other for goods, wares and merchandise sold by the plaintiff to defendant; and the plaintiff, at the time of bringing his suit, indorsed on the summons and complaint, the fact that the account sued on was verified by affidavit,—as required by section 1804 of the Code. The sufficiency of the affidavit, to make the itemized account thus verified competent evidence of its correctness, was not questioned by defendant. The verified account was introduced on the trial by plaintiff without objection by defendant. He here makes the point, as stated by him, that the action was not based upon an account, and there was a fatal variance between the allegations and the proof. But this is a misconception of the contents of the complaint. It clearly enough appears that each count is one on an account.

2. The second error assigned, is as to the form of the judgment rendered. It is in form a judgment *nil dicit*, with the award of a writ of inquiry. The jury assessed the damages, and judgment was entered on the verdict. The defendant appeared and pleaded in substance, non-assumpsit to each of the counts. The evidence, without conflict, sustained the second count for goods, wares and merchandise sold by plaintiff to defendant. The defendant requested the general charge, which was properly refused. The only question presented is, whether the judgment shall be reversed, in that it is one by *nil dicit* with a writ of inquiry, for

the jury to ascertain, merely, the amount of damages
to which the plaintiff was, under the judgment ren-
dered, entitled.

The defendant having appeared and entered his
pleas of non-assumpsit, it was manifestly erroneous
to enter judgment *nil dicit* against him.—*Green v.
Jones*, 102 Ala. 303. The defendant was entitled to
have the credibility of the evidence offered by the plain-
tiff to sustain the account passed on by the jury, which
right, in the judgment rendered, he was denied.

Reversed and remanded.