EX PARTE CLAUDE NEIL.

[43 South. Rep., 615.]

JURISDICTION. *Circuit Court. Special Term. Order. Entry on minutes. Code 1906, § 988.*

The failure of the clerk to enter on the minutes of a circuit court an order for a special term thereof, which was duly made and published, does not affect the validity of proceedings had at such term, though Code 1906, § 988, provides that such order shall be entered on the minutes as well as be made and published.

FROM the chancery court of, second district, Jones county.

HON. JAMES L. McCASKILL, Chancellor.

Neil, the appellant, applied to the chancellor for a writ of *habeas corpus;* the writ was, on the hearing, denied, and the relator remanded to custody; from which judgment he appealed to the supreme court.

Appellant was indicted, tried and convicted of a misdemeanor at a special term of the circuit court of, second district, Jones county held on the third Monday of March, 1907, and sentenced to pay a fine of $300 and to be imprisoned as a county convict for ninety days on the county farm. Having been placed in custody under such judgment, appellant sued out a writ of *habeas corpus* on the ground that he was illegally deprived of his liberty in that the court in which he was convicted was not a legal tribunal, since there was no entry apparent upon the minutes of the circuit court showing any order of the judge of the court calling a special term of court to convene on the third Monday of March, 1907.

The application of appellant for *habeas corpus* was heard before the chancellor on an agreed statement of facts, which showed that the organization and conduct of the court were in all things regular and in conformity with law, but that the

order of the court calling the special term, though duly made and published as required by the statute, Code 1906, § 988, was not entered upon the minutes. The court denied the relator's application; hence this appeal.

*C. R. Gavin, Stone Deavours,* and *R. E. Halsell,* for appellant.

The question for decision before this court is, whether a proceeding had at a special term of court is valid, when the authority for holding the special term does not appear of record upon the minutes of the court.

By the legislative act of 1906, ch. 169, sec. 1, it is provided that the regular term of the circuit court of the second judicial district of Jones county shall be held in the city of Laurel on the first Monday of May and of November. It is therefore evident that the appellant, the relator below, was not indicted, tried and sentenced by a court held at the regular time fixed by law for holding a term. Hence the appellant is not now held by virtue of any proceeding had at a regular term of court, but is, instead, in custody by virtue of a proceeding had at an alleged special term of the circuit court held in Laurel.

Code 1906, § 988, regulates the holding of special terms of court, and, in substance, recites that "when the business of a circuit or chancery court may require, the judge or chancellor, in term time or vacation, may order a special term to be held, *and the order shall be entered on the minutes; or, if made in vacation, on the minutes of the special term.*"

We contend that the order calling a special term must appear upon the minutes or the proceedings at that term will be void. 11 Cyc., 730; *Grant* v. *State,* 62 Ala., 233; 21 Ency. Pl. & Pr., 620; *Daughdrill* v. *State,* 113 Ala., 7; *Dixon* v. *State,* 29 Ark., 165; *Spring* v. *Kane,* 86 Ill., 580; *Huber* v. *Armstrong,* 7 Bush. (Ky.), 590; *Harmon* v. *Copenhaven,* 89 Va., 836; *State* v. *Stanley,* 38 W. Va., 517.

The statute for the calling of special terms of the circuit

court in Mississippi, is mandatory and must be strictly construed. In support of this proposition we quote from Sutherland on Construction of Statutes: "Mandatory statutes are imperative. They must be strictly pursued, otherwise the proceeding which is taken ostensibly by virtue thereof will be void. Compliance substantially therewith is a condition precedent, that is, the validity of acts done under mandatory statutes depends on a compliance with its requirements. When a statute is passed authorizing a proceeding the mode of which an act shall be done, the mode pointed out must be strictly pursued." This proposition laid down by Sutherland is borne out by the following authorities: *Dolton* v. *Murphey*, 30 Miss., 59; *Coffman* v. *Daveny*, 2 Haward, 854, Miss.; *Koch* v. *Bridges*, 45 Miss., 247; *Shelly* v. *Bacon*, 10 Howard (U. S.), 56.

The court's attention is especially called to the case of *Koch* v. *Bridges, supra,* which, we contend, settles the question in this case; as the only hope for the appellee is that the clause requiring the order to be entered on the minutes be construed to be directory and not mandatory. In construing a similar statute the court said, in the case cited, on page 255 that, "this mode of getting rid of a statutory provision by calling it directory is not only unsatisfactory on account of the vagueness of the rule itself, but it is the exercise of a dispensing power by the courts, which approaches so near legislative discretion that it ought to be resorted to with reluctance."

*R. V. Fletcher,* assistant attorney-general, for appellee.

There is nothing inherent in the nature of a special term of court which requires the order, calling such special term, to be spread upon the minutes. Were the statute silent as to this requirement, it would hardly be contended that all the acts of the court were illegal merely because the order was not upon the minutes. *Friar* v. *State,* 3 How. (Miss.), 422.

The whole argument of appellant depends upon the recital

in the statute, Code 1906, § 988, that the order shall be spread upon the minutes. Yet, at the time the case of *Friar* v. *State,* *supra,* was decided, the provision requiring notice was just as emphatic and mandatory as is now the provision in the Code of 1906 requiring entry of the order upon the minutes. In the case cited it was expressly held that the notice of the time of holding the special term is not necessary to confer jurisdiction, and that such a provision is merely directory. See also *Mastronada* v. *State,* 60 Miss., 86.

It is contrary to our whole theory of law to hold that, where a court has been properly called, and parties have without objection submitted themselves to the court's jurisdiction, all of the acts of the court shall be considered void, and void merely because of a clerical omission. Certainly it would have been permissible at any time during the term to supply such omission by an order *nunc pro tunc.* Indeed, a *nunc pro tunc* order can be entered to correct a clerical omission even after the adjournment of the term. *Graves* v. *Fulton,* 7 How. (Miss.), 592; *Stokes* v. *Shannon,* 55 Miss., 583.

The modern law on this subject has been thus stated: "Accordingly the rule now very generally obtains that a court may amend its record with respect to clerical errors and misprisions as well after the term as during it." 17 Ency. Pl. & Pr., 920. See also *Burnett* v. *State,* 14 Tex., 455; *Miller* v. *Richardson,* 38 Tex., 500; *Bank* v. *Dudley,* 2 Pet. (U. S.), 492.

It being established that an omission such as is presented by this record can be supplied by a *nunc pro tunc* order which would of course relate back to the time when it should have been ordered, it is clear that this appeal from the *habeas corpus* proceeding would not lie, had the court seen proper to exercise its undoubted prerogative to amend its minutes. An order, the omission of which could be thus supplied at any time, cannot be said to be of such importance as to affect the jurisdiction of the court. In the case here on appeal, there is shown to have been a court below which was duly called, presided

over by a qualified judge, to which relator submitted himself without making complaint as to jurisdiction; and, accordingly, if there can be such a thing as a *de facto* court, this presents a case of that kind. And that there may be a *de facto* court would appear from the case of *Brewer* v. *State*, 74 Tenn., 198, where it is said that, "when a circuit judge adjourns his court to a day beyond the commencement of the same circuit court, the court, if held, is a court *de facto*, and its proceedings valid in criminal as well as in civil cases."

It is hardly necessary to say what is self-evident, that the only purpose of requiring this order to be entered on the minutes is that there may remain as a permanent record some authority for holding the court. In other words, the minute entry is not the order of the judge, but simply the evidence of the order. A circuit court is a court of general jurisdiction, and it is not necessary for the jurisdictional facts to be entered at large upon the minutes of the court, as is the case with a court of inferior and limited jurisdiction. *Ames* v. *Williams*, 72 Miss., 760, s.c., 17 South., 762; *Williams* v. *Cammack*, 27 Misc., 209; *Gillespie* v. *Hauenstein*, 72 Miss., 838; s.c., 17 South., 602.

Argued orally by *E. R. Gavin*, for appellant and by *R. V. Fletcher*, attorney-general, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The sole question of this case is this: Where a special term of the circuit court has been properly called, the proper notice of the time and place for holding the court has been given, and the order calling the special term has actually been made and actually filed with the circuit court, was the circuit court absolutely without jurisdiction to proceed at all, at said special term, merely because of the clerical omission on the part of the circuit clerk to enter the order on the minutes of the court? Manifestly not. In this case, out of which this *habeas corpus* grows, there clearly was jurisdiction to try the case so far as

subject-matter was concerned, there was jurisdiction as to the parties (the state and the defendant), and the jurisdiction was exercisable and was exercised at the time and place fixed in the order calling the special term, the order was made and was filed, and the only difficulty grows out of the simple fact that the clerk failed to enter the order on the minutes of the court. When every element of jurisdiction, as to subject-matter, parties, time, and place, is present, it is inconceivable how the jurisdiction of the court, in any proper legal definition of the term "jurisdiction," can be seriously questioned. If one convicted of murder and sentenced to be hanged prosecutes a direct appeal to this court, and asks a reversal because the minutes of the court failed to show that the court was organized at all, the law provides that the case shall not be reversed because of the omission of so important a thing as the declaration that the court was organized. Section 4936, Code 1906. Surely, if jurisdiction is not defeated by failure to show on the minutes that the court was organized at all, it cannot be defeated by the mere clerical failure to enter the order calling the special term on the minutes of the court. Notice as to when and where the court will be held is far more important to litigants than the entry on the minutes of the order calling a special term, and yet the statute expressly provides now (what this court held was the law before the statute) that the failure to give such notice did not oust jurisdiction. See *Williams* v. *Cammack,* 27 Miss., 209, 61 Am. Dec. 508; *State* v. *Claude,* 35 La. Ann., 71, and *Mastronada* v. *State,* 60 Miss., 86. We do not think there is any merit in the contention of appellant.

The judgment of the court below is *affirmed.*