# Barnard *v.* Irwin.

### *Assault and Battery.*

Decided June 5, 1913. Rehearing denied June 19, 1913.
62 South. 963.)

1. *Judgment; Default; Nil Dicit.*—There is no material distinction between a judgment by default and a judgment nil dicit.

2. *Same; Default.*—Where a defendant has pleaded the general issue thereby putting plaintiff to proof of his allegations, a judgment nil dicit cannot be rendered because of defendant's failure to appear or sustain and insist upon his plea, although his failure would amount to a waiver of an affirmative plea.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by S. L. Irwin against W. H. Barnard for damages for an assault and battery. Judgment by default or nil dicit for plaintiff, and defendant appeals. Reversed and remanded.

H. A. DICKINSON, for appellant. Where a negative plea is on file, a judgment by default or nil dicit cannot be rendered against a defendant, although he fails to appear, and prove or insist upon his plea. Such conduct might amount to a waiver of an affirmative plea, but does not amount to a waiver of the general issue.—*Thomas v. Brown,* 1 Stew. 412; *Griggs v. Gilmer,* 54 Ala. 430; *Green v. Jones,* 102 Ala. 303; *Clements v. Mayfield Woolen Mills,* 128 Ala. 332.

W. K. TERRY, for appellee. The judgment nil dicit is substantially the same as a judgment by default.—*Ex parte Parker,* 54 South. 572. Where a plea appears of record undisposed of, and the judgment entry recites that defendants said nothing in bar of plaintiff's right,

[Barnard v. Irwin.]

it is conclusive that such plea was waived.—*McCullom v. Hogan,* 1 Ala. 515; *Home Protection Co. v. Caldwell Bros.,* 85 Ala. 607.

PELHAM, J.—The appellant complains that judgment by default or nil dicit was rendered against him notwithstanding he had filed pleas in the cause in which the judgment was entered. The judgment entry set out in the transcript affirmatively shows that when the case was regularly called for trial the defendant did not insist upon his pleas, or otherwise defend the suit, and that, the defendant being called and making no response, judgment was accordingly rendered against him.

The appeal is on the record without a bill of exceptions, and it may be assumed in support of the judgment set out in the record, nothing appearing in the transcript going to show that the pleas were insisted upon, or that the defendant offered, or even undertook to offer, any defense to the plaintiff's cause of action, that the pleas were abandoned or waived. It has been held that a waiver or abandonment of pleas not verified by affidavit may be presumed when the transcript shows a judgment entered under such conditions and there is nothing in the record to show that the pleas were insisted upon.—*Hutchinson & Wilson v. Powell,* 92 Ala. 619, 9 South. 170; *Schwarz v. Oppenheimer, Strauss & Co.,* 90 Ala. 462, 8 South. 36; *McCollom & Chapel v. Hogan,* Ex., etc., 1 Ala. 515.

There is no material distinction in its effect and operation between a judgment by default and a judgment nil dicit.—*Ex parte Parker et al.,* 172 Ala. 136, 54 South. 572.

The record presents no reversible error, and the judgment of the court below will be affirmed.

Affirmed.

### ON APPLICATION FOR REHEARING.

The appellant in filing this application for a rehearing contends that, in holding in the original opinion that the pleas filed in this case might be deemed as waived, the distinction between negative and affirmative pleas is not taken into consideration, and that, as the record in this case shows that the judgment nil dicit, or by default, was rendered against the defendant when he had on file a plea of "not guilty" (the general issue), no abandonment or waiver could apply or be presumed as against this negative plea, putting upon the plaintiff the burden and necessity of proving the material averments of the complaint before the defendant is required to make any defense, or do anything more or further in the premises. In support of this contention we are cited to the case of *Thomas v. Brown,* 1 Stew. 412, where it is said in the opinion of the court: "But the plaintiff generally, and more especially in assumpsit when the general issue is pleaded, is bound to submit his case to a jury, and support it by showing a complete cause of action before the defendant is required to introduce any evidence or make any defense but file his plea. The fact, then, of his having claimed his defense must be presumed, and does sufficiently appear from his having done all which the law requires to entitle him to it. I am then of opinion that the court below erred in rendering judgment by default when there was a plea filed in due time, and which had not been withdrawn." "It will be conceded that the plea filed was the proper plea to the action, and the one of all others best adapted to the admission of evidence for full defense. It is equally clear that the defendant had the right to plead it if he had the right to make his defense; and, having pleaded it, the court had no power to treat

it as a nullity, by entering judgment by default, until it was withdrawn *by the act of the party himself.*" (Italics ours.)

The judgment nil dicit was rendered in this case with a writ of inquiry to ascertain the damages, just as in the case of *Clements v. Mayfield Woolen Mills,* 128 Ala. 332, 29 South. 10 (also cited by appellant). In that case, under similar conditions as to the rendition of such a judgment when a negative plea was on file, it was said: "The only question presented is whether the judgment shall be reversed in that it is one only by nil dicit with a writ of inquiry, for the jury to ascertain merely the amount of damages to which the plaintiff was, under the judgment rendered, entitled. The defendant having appeared and entered his pleas of non assumpsit, it was manifestly erroneous to enter judgment nil dicit against him.—*Green v. Jones,* 102 Ala. 303 [14 South. 630]. The defendant was entitled to have the credibility of the evidence offered by the plaintiff to sustain the account passed on by the jury, which right, in the judgment rendered, he was denied." It was held to be "manifestly erroneous" to enter judgment by default against the defendant in the case of *Green v. Jones Bros.,* 102 Ala. 303, 14 South. 630, when the defendant had interposed a negative plea; and to the same effect is the case of *Grigg, Adm'r, v. Gilmer,* 54 Ala. 425, cited approvingly in *Green v. Jones, supra.* See, also, *McCoy v. Harrell, Nichols & Co.,* 40 Ala. 232; *Crow v. Bank,* 5 Ala. 249.

Two of the cases cited in the original opinion (*Hutchinson & Wilson v. Powell,* 92 Ala. 619, 9 South. 170, and *Schwarz v. Oppenheimer, Strauss & Co.,* 90 Ala. 462, 8 South. 36) base the holding that an abandonment or waiver of a plea may be presumed when the defendant does not appear to sustain or insist on it, and that

a judgment by default or nil dicit is justified and proper under such circumstances, on the theory that the pleas filed were affirmative pleas. When only pleas of that nature have been filed, the onus is not cast upon the plaintiff of proving the complaint, as is the case when a negative plea has been filed, for the affirmative pleas in effect admit the allegations of the complaint, and merely deny the plaintiff's right to maintain the action because of the affirmative matter pleaded, which the defendant is bound to prove; and, upon his failure to appear and insist upon his pleas of this nature and discharge the burden upon him, he is in default, and the court may enter judgment nil dicit or by default against him, for at most this form of judgment could be no more, under these circumstances, than a mere irregularity from which no injury resulted.—*Hutchinson & Wilson v. Powell, supra,* and authorities there cited. The same reason does not exist, and the same rule could not apply, where the plea on file is a negative plea, casting on the plaintiff the burden of proving the averments of his complaint before the defendant is required to take any action, make any move, or offer any defense whatever.

The other case cited in the original opinion (*McCollom & Chapel v. Hogan, Ex., etc.,* 1 Ala. 515) is clearly out of line, and not in harmony with the opinions in any of the other cases on this proposition, and in effect has been overruled on this point by the holdings in the later cases above discussed.

Our conclusion is that the contention made by the appellant in his application for a rehearing is well founded. The application is therefore granted, the former order of affirmance is set aside, and the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.