# Fruitticher *v.* Ebersole.

### *Assumpsit.*

(Decided February 5, 1914. 64 South. 650.)

1. *Appeal and Error; Record; Conclusiveness.*—Where the conditional judgment and garnishment, regular in form, recites that the garnishee has not answered as required by law, such recital will prevail over any inference to the contrary from an answer set out in the transcript, which is not made a part of the record by the bill of exceptions, or by any reference thereto contained in the judgment entry.

2. *Garnishment; Failure to Answer; Conditional Judgment.*—Under section 4324, Code 1907, a conditional judgment followed by service of scire facias on garnishee and final judgment, is the proper proceeding where the garnishee fails to answer.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

C. D. Ebersole had judgment against the Standard Grocery Company and garnishment thereon against W. H. Fruitticher. From a judgment against garnishee for failure to answer, he appeals. Affirmed.

HALEY & HALEY, and T. M. BRADLEY, JR., for appellant. It is error to render a conditional judgment against garnishee who has a written answer on file.—*Sun I. Co. v. Doster-Northington Drug Co.,* 164 Ala. 572. The court erred in rendering the final judgment against garnishee in the absence of a contest of his written answer on file.—*Goode v. Holcomb,* 37 Ala. 94; *Sun I. Co. v. Doster-Northington D. Co., supra.* The garnishee answered during vacation in writing, and his answer was not contested at the succeeding term of court, and he was entitled to his discharge.—*Cottingham v. Greeley Co.,* 129 Ala. 200; *Friedman v. Cullman B. Co.,* 124 Ala. 344; *Graves v. Cooper,* 8 Ala. 811; *Steiner v. First Nat. Bank;* sec. 4325, Code 1907.

HARSH, BEDDOW & FITTS, for appellee. The recital of the judgment entry must prevail, and is conclusive on this appeal.—Sec. 4316, Code 1907, and authorities cited. Under these authorities, the court rendered the proper judgment.—*Decatur C. & N. O. Ry. Co. v. Krass,* 97 Ala. 522. There is nothing in the authority cited by appellant which would authorize a reversal of this cause.

PELHAM, J.—The transcript shows a writ of garnishment duly and regularly issued out of the city court of Birmingham and directed to the appellant and others, at the instance of the appellee, on a judgment against the Standard Grocery Company and in favor of the appellee, on the 12th day of July, 1910. Set out in the transcript, also, is an answer made by the appellant, filed on August 8, 1910, in the usual form, denying indebtedness to the defendant in judgment, the Standard Grocery Company. The judgment in the record entry shows a conditional judgment to have been

rendered against the appellant, as garnishee, on February 12, 1912, for failure to answer the writ of garnishment served on him, upon which a scire facias issued on the 19th day of March, 1912, which was served on the appellant on the 23d day of March, 1912, requiring him under the practice act regulating procedure in said court to appear within 30 days and show cause why the conditional judgment should not be made final. The judgment entry of April 23, 1912, shows that on motion of the appellee the judgment nisi rendered against the appellant on February 12, 1912, was made final.

The transcript contains no bill of exceptions, and the conditional judgment recites that the appellant (and those jointly garnisheed) had failed to answer as required by law. This judgment is regular and in due form. Its recitals that the appellant had not answered the writ of garnishment as required by law must prevail over any inference to the contrary afforded by an answer set out in the transcript that is not made a part of the record by a bill of exceptions or by any reference contained in the judgment entry.—*Decatur, etc., Ry. Co. v. Crass*, 97 Ala. 519, 12 South. 43.

The record shows regular continuances from term to term until the term at which final judgment was rendered, and there is no merit in the suggestion that there had been a discontinuance of the proceedings. The correct transcript also shows service of the scire facias on the appellant on March 23,, 1912, and final judgment was not rendered until 30 days thereafter, on to wit, April 23, 1912. Conditional judgment followed by scire facias and final judgment is the proper proceeding upon failure of a garnishee to answer.—Code, § 4324; *Sun Insurance Co. v. Doster-Northington Drug Co.*, 164 Ala. 572, 51 South. 414.

[Monogram Hardwood Co. v. Thrower.]

The court cannot be put in error for rendering the judgment set out in the transcript, and made the basis of the assignments of error, for anything appearing in the record, and an affrmation must follow.

Affirmed.