(96 South. 230)

### WILDSMITH et al. v. GRAVES.
### (6 Div. 876.)

(Supreme Court of Alabama. April 26, 1923.)

Judgment ⬤►126(2)—Plea of general issue casts burden on plaintiff of proving cause of action although defendant fails to defend suit.

Where, after pleading the general issue, defendant, when the case was called for trial, failed to respond, it was error to enter judgment for plaintiff on merely submitting the amount of his damages to the jury; the effect of the plea of general issue being to cast upon plaintiff the burden of proving his cause of action.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action on account by John G. Graves against Hugh Wildsmith and Margaret A. Wildsmith. From a judgment for plaintiff, defendants appeal. Transferred to Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

W. T. Edwards and R. J. Hagood, both of Birmingham, for appellants.

There being a plea of the general issue and demand for jury trial on file, it was error for the court to render judgment for plaintiff. Thomas v. Brown, 1 Stew. 412; Grigg v. Gilmer, 54 Ala. 430; Stewart v. Goode, 29 Ala. 476; Eaton v. Harris, 42 Ala. 491; Summerlin v. Dowdle, 24 Ala. 428; Kennedy v. Young, 25 Ala. 463; Green v. Jones, 102 Ala. 303, 14 South. 630; Clements v. Mayfield Co., 128 Ala. 332, 29 South. 10; Ex parte Parker, 172 Ala. 136, 54 South. 572.

M. L. Ward, of Birmingham, for appellee.

Nil dicit is the proper judgment, when the defendant files pleas and fails to appear and defend. Stewart v. Goode & Ulrick, 29 Ala. 476; Grigg v. Gilmer, 54 Ala. 431; Simmons v. Titche Bros., 102 Ala. 319, 14 South. 786.

SOMERVILLE, J. The record shows that the defendants filed pleas of the general issue and demanded a trial by jury.

The judgment entry shows that when the case was called for trial "the defendants, being solemnly called, came not to insist on their pleas or to otherwise defend this suit," whereupon it was adjudged that the plaintiff was entitled to recover, and the amount of his damages was duly submitted to and found by a jury, and a judgment thereon was rendered accordingly.

The judgment thus rendered was neither a judgment by default nor a judgment nil dicit. It was, however, erroneous to render a judgment that the plaintiff was entitled to recover without a verdict of the jury to sustain it. The effect of the pleas of the general issue was to cast upon the plaintiff the burden of proving his cause of action, and it was not sufficient to submit to the jury the question of the amount of damages only. Clements v. Mayfield Woolen Mills, 128 Ala. 332, 29 South. 10; Green v. Jones, 102 Ala. 303, 14 South. 630; Barnard v. Irwin, 8 Ala. App. 544, 62 South. 963, affirmed in Ex parte Irwin, 184 Ala. 666, 63 South. 1027. In Barnard v. Irvin, supra, the cases are fully reviewed.

For the error pointed out, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.