(104 So. 895)

SOVEREIGN CAMP, W. O. W., v. GAY.
(7 Div. 987.)

(Court of Appeals of Alabama. May 20, 1924. Rehearing Denied June 24, 1924.)

1. Jury ⬤⟝28(3)—Defendant has right to rely on plaintiff's demand for a jury trial as to its liability vel non.

Ordinarily, where original complaint, as filed by plaintiff, demands a jury trial, defendant has right to rely on such demand as to its liability vel non.

2. Insurance ⬤⟝817(1)—Burden on defendant, where pleading special defenses inferentially admitting complaint and seeking to avoid by reason of special matter.

In action on insurance certificate, burden was on defendant, where his only pleas were pleas of special defenses, inferentially admitting complaint and seeking to avoid by reason of special matter.

3. Judgment ⬤⟝103—Plaintiff entitled to default judgment, on defendant's failure to meet burden cast by special defenses.

In action on insurance certificate, plaintiff was entitled to default judgment, on defendant's failure to appear when case was called and meet burden cast on it by its pleas of special defenses, which inferentially admitted allegations of complaint, and sought to avoid them by reason of special matter.

4. Judgment ⬤⟝298—Clerk had right, within term of court, to correct judgment to follow bench notes and verdict of jury, and to certify it to reviewing tribunal as being judgment in the case.

Where first judgment entered by clerk in minutes of court did not conform to verdict of jury or to bench notes of judge, clerk had right, without fraud, and within term of court, to

write another judgment in minutes, correctly following bench notes and verdict of jury, and to certify it to reviewing tribunal as being judgment in the case.

**5. Courts ⬦═113—Court's order, setting jury cases and drawing of jury, not invalidated because not written in minutes until later day of term.**

That order of circuit court, setting jury cases and drawing of jury, was not written in minutes of court until a later day of term, did not render it void, where it was made during term when court was legally in session under act approved Sept. 22, 1915 (Acts 1915, p. 707), having jurisdiction of the cause and parties; section 3 of the act being inapplicable to such orders.

**6. Notice ⬦═5 — Parties and their attorneys, who are in court, are chargeable with notice of all orders affecting pending causes.**

Parties and their attorneys, where proper process has issued, who are in court, are chargeable with notice of all orders affecting pending causes.

**7. Trial ⬦═6(1)—Neither clerk nor court required to issue notice to parties or attorneys of setting of cases.**

Neither clerk nor court is required to issue notice to parties or attorneys of setting of cases.

**8. Courts ⬦═116(4)—Circuit courts have full power over their records and proceedings during term at which such proceedings are had.**

Subject to statutory limitations, circuit courts have and may exercise full power over their records and proceedings during term at which such proceedings are had.

**9. Exceptions, bill of ⬦═1—Function of bill of exceptions is to present proceedings not otherwise presented by record.**

Function of bill of exceptions is to present proceedings not otherwise presented by record.

**10. Appeal and error ⬦═664(2)—Recitals in record control, where conflicting with bill of exceptions.**

Where there is conflict between record proper and bill of exceptions, recitals in record proper must control.

**11. Judgment ⬦═138(3)—Court held to have abused discretion in refusing to set aside default judgment.**

In action on insurance certificate, court *held* to have abused its discretion in refusing to set aside default judgment, where defendant had no actual notice of court's order setting case for trial, but was relying on Code 1907, § 3246 (2), and Acts 1915, p. 707, § 2, fixing jury term and previous custom of court, and there was on file with clerk, and as part of file in the case, certificate of reversal on former appeal, and opinion of Supreme Court declaring that, on the undisputed evidence, defendant was entitled to an instructed verdict.

**12. Appeal and error ⬦═1194(1)—Trial court chargeable with knowledge of matters disclosed by file in the case.**

Where there was on file with clerk, and as part of file in the case, a certificate of reversal and opinion of Supreme Court, on former appeal, declaring that, on the undisputed evidence, defendant was entitled to an instructed verdict, trial court was chargeable with a knowledge thereof.

**13. Judgment ⬦═137—Power to set aside default judgment is inherent in all courts.**

Power to set aside default judgment is inherent in all courts, and is to be exercised to prevent error and injury, and for furtherance of justice.

**14. Judgment ⬦═139—Ordinarily refusal to set aside default judgment is within sound discretion of trial court.**

Ordinarily refusal to set aside judgment by default is within sound discretion of trial court.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action on a policy of insurance by George E. Gay against the Sovereign Camp of the Woodmen of the World. From a judgment by default for plaintiff and a judgment overruling motion for new trial defendant appeals. Reversed and remanded. Certiorari granted by Supreme Court in Ex parte Gay (7 Div. 515) 104 So. 898.

See, also, Sov. Camp v. Gay (Ala. App.) 104 So. 899;[1] Ex parte Gay (7 Div. 565) 104 So. 900.

C. H. Roquemore, of Montgomery, for appellant.

Causes on the docket must be called at the times fixed by law, or at such other times as may be fixed by order of the court, without an order of court, entered of record, no valid judgment can be rendered. Acts 1915, p. 708; Carson v. Sleigh, 201 Ala. 373, 78 So. 229; Caldwell v. State, 203 Ala. 412, 84 So. 272; State v. Thurman, 205 Ala. 677, 88 So. 899; Riley v. State, 209 Ala. 505, 96 So. 599. Plaintiff, having demanded a trial by jury, could not waive a jury without the consent of the defendant. Hartford F. Ins. Co. v. Bannister, 201 Ala. 681, 79 So. 253, L. R. A. 1918E, 213; Prudential Cas. Co. v. Kerr, 202 Ala. 259, 80 So. 97; Herren v. Rawleigh, 17 Ala. App. 55, 81 So. 692; W. U. Tel. Co. v. Laslie, 17 Ala. App. 303, 84 So. 864; Ex parte Florida Nursery Co., 201 Ala. 97, 77 So. 391.

Goodhue & Lusk, of Gadsden, for appellee.

No plea in denial being filed, the judgment rendered was correct. Barnard v. Irwin, 8 Ala. App. 544, 62 So. 963; Ex parte Irwin, 184 Ala. 666, 63 So. 1027; Wildsmith v.

[1] Ante, p. 531.

Graves, 209 Ala. 294, 96 So. 230; Hutchison v. Powell, 92 Ala. 619, 9 So. 170; McCord v. Harrison, 207 Ala. 480, 93 So. 428. The clerk was authorized to correct the judgment entry. Wilder v. Bush, 201 Ala. 21, 75 So. 143; Parker v. Wimberly, 78 Ala. 64; Tobias v. Treist, 103 Ala. 670, 15 So. 914; Code 1907, § 4140. Where a conflict arises between the record and the bill of exceptions, the record will prevail. Prinz v. Weber, 126 Ala. 146, 28 So. 10; 5 Mayfield's Dig. 103; Nelson v. Hammonds, 173 Ala. 14, 55 So. 301; Fruitticher v. Ebersole, 10 Ala. App. 411, 64 So. 650; Penry v. Dozier, 161 Ala. 292, 49 So. 909. It was not necessary that the order be entered on the minutes at the time made. Grant v. State, 62 Ala. 233; Lockwood v. Thompson, 198 Ala. 295, 73 So. 504; Ford v. Tinchant, 49 Ala. 567; Ware v. Kent, 123 Ala. 427, 26 So. 208. The action of the court in refusing to set the judgment aside is not reviewable on appeal. Colley v. Spivey, 127 Ala. 109, 28 So. 574; Eminent Household v. Lockerd, 202 Ala. 330, 80 So. 412; Gray v. Handy, 204 Ala. 559, 86 So. 548; Liverpool, etc., Co. v. Lowe, 208 Ala. 12, 93 So. 765; Pasquale v. Francis, 210 Ala. 590, 98 So. 568; McCord v. Harrison, supra.

SAMFORD, J. [1-3] The plaintiff declared on an insurance certificate issued by defendant. Demurrer to the complaint was overruled, and by written agreement between the attorneys the pleas of defendant were limited to "matters and things that can be specially pleaded," and these pleas were "in short by consent." When the case was called, the defendant came not, but made default, whereupon, on motion of plaintiff, the court entered judgment nil dicit, and called a jury to ascertain the damages. On the original complaint as filed by plaintiff, there was a demand for a jury trial, and appellant now contends that the court erred in rendering judgment nil dicit, for the reason that it had the right to rely on the demand for a jury by the plaintiff, as to its liability vel non. This would ordinarily be true. Ex parte Cunningham (6 Div. 349) 99 So. 834;[2] Fla. M. & T. Co. v. Watson, 201 Ala. 97, 77 So. 391; Western Union Tel. Co. v. Laslie, 17 Ala. App. 303, 84 So. 864. But in this case a different rule applies. The only pleas in this case were pleas of special defenses, inferentially admitting the complaint and seeking to avoid, by reason of special matter. This casts the burden on the defendant, and, failing to meet this burden, plaintiff was entitled to a judgment. In other words, in the absence of a negative plea the plaintiff was entitled to a judgment nil dicit or by default. Barnard v. Irwin, 8 Ala. App. 544, 62 So. 963; Wildsmith v. Graves, 209 Ala. 294, 96 So. 230.

[4] The first judgment entered by the clerk in the minutes of the court did not conform to the verdict of the jury or to the bench notes of the judge. Without fraud and within the term of the court another judgment was written by the clerk, in the minutes, correctly following the bench notes and the verdict of the jury, and this corrected judgment is the judgment certified to this court as being the judgment in the case. The clerk had a right, and it was his duty, to correct the clerical errors in the minutes before the adjournment of court and before the minutes were signed. Wilder v. Bush, 201 Ala. 21, 75 So. 143.

The record proper, as completed by the return to the writ of certiorari heretofore issued, shows that, on the 16th day of July, 1923, the court made and entered an order that:

"The week of the present term of this court beginning August 13, 1923, and the two weeks immediately following said week, be and the same are hereby set apart as jury weeks for the trial of all civil cases on the dockets of this court in which requires the intervention of a jury."

Then follows a recital of the drawing of the juries, etc., for said weeks. The bill of exceptions recites that this order did not appear in the minutes of the court until after the motion for new trial was heard on, to wit, September 27, 1923. The bill of exceptions does recite:

"After the fall term of the circuit court of Etowah county was opened in July, 1923, said court being then and there in session, Hon. O. A. Steele, one of the judges of said court, then and there, on the 16th day of July, 1923, in open court, in the presence of the bar and the clerk of the circuit court of Etowah county, Ala., having the regular jury docket before him, stated and particularly designated the three weeks beginning August 13, 1923, as the time during which certain cases were to be set and tried, in which cases the pleadings had been settled, which said statement of the Honorable O. A. Steele was made in open court, in the presence of the bar and the clerk of the court, and that on the 16th day of July, 1923, the Honorable O. A. Steele, as the judge of said court, caused to be brought into open court the jury box of said county, and therefrom drew the names of jurors, and directed the clerk to prepare a venire list and to summons said jurors to appear and serve as such during the three weeks of such court, and that thereafter the clerk spread upon the minutes of the court such venire and the list of said jurors."

It further appears from the bill of exceptions that the case at bar was by the judge presiding on July 16, 1923, in open court set to be heard August 13th; that the clerk prepared and had printed a list of the cases so set, including this case, showing the date such cases were set for trial; that the defendant nor his counsel had actual notice of these things; and that the defendant nor its counsel "made no inquiry at the clerk's office regarding the setting of this

---

[2] 19 Ala. App. 584.

case or other cases for trial after the spring term, 1923, and that he did not request the judge, clerk, or attorneys for the plaintiff to notify him when the case would be set for trial." The motion for new trial, having been seasonably made and regularly passed, was by the judge presiding, on September 27, 1923, overruled.

[5-8] Under and by virtue of act approved September 22, 1915, Acts 1915, p. 707, the circuit court was in regular session on July 16th, and had the power and authority to set the jury cases beginning August 13th, and to draw the juries for the weeks designated. Parties and their attorneys, where proper process had issued, were in court, and chargeable with notice of all orders affecting pending causes. We know of no rule, and counsel for appellant has cited us to no authority, requiring the clerk or the court to issue notice to parties or attorneys of the setting of the cases. Such information was on file in the court, and was to be had by attorneys and litigants upon application to the clerk. The order of the court setting the jury cases and the drawing of the juries had been announced in open court by the judge then presiding, and that order had been actually carried out. The fact that such order was not written in the minutes of the court until a later day of the term did not render the order void. Everything done was during the term of the court when it was legally in session, having jurisdiction of the cause and of the parties. Section 3 of Act Sept. 22, 1915, supra, has no application to orders of this character. That section places a limitation on the power of circuit courts as to judgments and decrees, without which the circuit courts would have full power over judgments and decrees, until the end of the term. Subject to statutory limitations, circuit courts have and may exercise full power over its records and proceedings during the term at which such proceedings are had. Wilder v. Bush, 201 Ala. 21, 75 So. 143; Lockwood v. Thompson, 198 Ala. 295, 73 So. 504; Grant v. State, 62 Ala. 233; Ex parte Neil, 90 Miss. 518, 43 So. 615.

[9, 10] Moreover, the record proper in this case, as certified to by the clerk, shows a regular organization of the court, complaint, pleas, order of court setting jury cases, drawing of the juries, all of which appears regular in form and dates. There are recitals in the bill of exceptions seeking to impeach this record, but the functions of a bill of exceptions is to present proceedings "not otherwise presented by the record." It has consistently been held by both this court and the Supreme Court that, where there is conflict between the record proper and the bill of exceptions, the recitals in the record proper must control. Prinz v. Weber, 126 Ala. 146, 28 So. 10; Nelson v. Hammonds, 173 Ala. 14, 55 So. 301; Fruitticher v. Ebersole, 10

Ala. App. 411, 64 So. 650; Penry v. Dozier, 161 Ala. 292, 49 So. 909.

[11-14] The facts, as disclosed by the bill of exceptions leading up to and the entering of the judgment nil dicit, show: The suit was on an insurance certificate issued by defendant; an agreement by counsel that the cause might be tried on pleas, in short, by consent, as to all matters that might be specially pleaded; there was no plea of the general issue. The cause was tried on the issues as presented; a judgment was rendered in favor of the plaintiff. The defendant appealed from this judgment, and on this appeal the Supreme Court reversed the judgment of the trial court, holding, among other things, "the evidence is without dispute that the May assessment was not paid until June 14th," and for this reason the court held that defendant was entitled to an instructed verdict. The cause was thereupon remanded to the circuit court for further action. Code 1907, § 3246 (2), fixes the time for the trial of jury cases in the county of Etowah in April and October of each year, and such had been the times at which jury cases had been theretofore tried. Section 2 of Acts 1915, p. 707, provides:

"That the causes on the dockets for trial shall be called peremptorily at the times fixed by law [i. e. April and October] and at such other times as may be fixed by order of circuit judge."

On July 16th the judge of the circuit court ordered all jury cases to be set for trial during three consecutive weeks beginning August 13th, but no notice, other than an announcement in open court, was given of this order. The defendant was a nonresident of the state, and its counsel was a nonresident of the county, and had no actual notice of the court order, but was relying on the general statute fixing the jury term and the previous custom of the court. On the day the case was tried, there was on file with the clerk, and as a part of the file in this case, the certificate of reversal and the opinion of the Supreme Court, declaring that, on the undisputed evidence, the defendant was entitled to an instructed verdict. The trial judge and the court was chargeable with a knowledge of these things. The judgment of the Supreme Court was an adjudication that, unless the plaintiff furnished other and stronger evidence, the defendant was entitled to a verdict, and with this judgment of reversal and the Supreme Court opinion on file, coupled with the unusual time at which the case was called, unless it was made to appear that defendant did not care to further defend, the court could very properly have declined to entertain a motion for judgment nil dicit. But, judgment nil dicit having been entered, when defendant makes seasonable motion to set such judgment aside,

making known to the court the facts, and its desire to defend, coupled with an undoubted meritorious defense, approved by the highest court of the state, the court should have set the judgment aside. This power is inherent in all courts, to be exercised for the prevention of error and injury and for the furtherance of justice (State v. Creight, 1 Brev. [S. C.] 169, 2 Am. Dec. 656; Rich v. Thornton, 69 Ala. 473), and, while ordinarily a refusal to set aside a judgment by default is within the sound discretion of the trial court (Allen v. Lathrop-Hatton Lbr. Co., 90 Ala. 490, 8 So. 129), a refusal to set this judgment aside must be held to be such an abuse of this discretion as to authorize the Court of Appeals, under its general powers, to hold that the overruling of defendant's motion was error to reverse the judgment of the lower court, which is accordingly done.

Let the judgment be reversed, and the cause be remanded.

Reversed and remanded.

BRICKEN, P. J., not sitting.