(113 So. 492)

## WOOTEN v. TRADERS' SECURITIES CO.
### (5 Div. 630.)

Court of Appeals of Alabama.   Oct. 26, 1926.

Rehearing Denied Nov. 23, 1926.   Affirmed on Mandate June 30, 1927.

Barnes & Walker, of Opelika, for appellant.

Denson & Denson, of Opelika, for appellee.

RICE, J.  Appellant, who brings this appeal on the record without bill of exceptions, was sued by appellee, the complaint containing counts based upon certain "trade acceptances," which we understand to be instruments in writing (Atterbury et al. v. Bank of Washington Heights of City of New York 241 N. Y. 231, 149 N. E. 841) as well as counts "on account" and on "account stated."

He duly filed, indorsing on same a demand for a jury trial, two pleas: (1) That he was not indebted, etc.; and (2) that he was not guilty, etc.  There were no demurrers either to the complaint or to the pleas.

Thereafter, the case being regularly called, the appellant, being present in person and by attorney, said, according to the recitals of the judgment entry, "nothing in bar or preclusion of plaintiff's demands," whereupon a judgment nil dicit was rendered against him by the court and a writ awarded to ascertain by the jury plaintiff's (appellee's) damages.

In this we think the court erred.  Without regard to appellant's plea (1), we may say, as was said in the opinion in the case of Pennsylvania Casualty Co. v. Mitchell, 157 Ala. 589, 48 So. 78:

"The plea of 'not guilty' was not a proper plea in this case; but, in the absence of a demurrer to it, it will be considered as a plea of the general issue."  Espalla v. Richard & Sons, 94 Ala. 159, 10 So. 137.

The effect of the plea of the general issue was to cast upon the plaintiff the burden of proving his cause of action, and it was not sufficient to submit to the jury the question of the amount of damages only. Wildsmith et al. v. Graves, 209 Ala. 294, 96 So. 230.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.

PER CURIAM. Affirmed on authority of C. C. Wooten v. Traders' Securities Co., 216 Ala. 147, 113 So. 492.