(113 So. 492)

## WOOTEN v. TRADERS' SECURITIES CO.
### (5 Div. 965.)

Supreme Court of Alabama. April 28, 1927.

**1. Judgment ⬤⟦106(9)⟧—Defendant, who, present at trial, keeps silent while nil dicit judgment is entered and writ of inquiry executed, will be held to have waived, abandoned, or withdrawn pleas.**

Defendant, who is present at trial in person and by attorney and remains silent while a judgment nil dicit is entered and a writ of inquiry executed, failing to object to evidence or to form of judgment or to ask instructions, will be *held* to have waived, abandoned, or withdrawn pleas theretofore filed.

**2. Appeal and error ⬤⟦901⟧—Error must affirmatively appear, reasonable presumptions being indulged to support judgment.**

Error must affirmatively appear, all reasonable presumptions being indulged to support the judgment.

Certiorari to Court of Appeals.

Petition of the Traders' Securities Company for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Wooten v. Traders' Securities Company, 113 So. 492. Writ granted; reversed and remanded.

The judgment appealed from is as follows:

"On this the 10th day of November, 1925, came the parties, the plaintiff corporation, by attorneys, and the defendant in person and by attorney; and the cause being called for trial, the defendant says nothing in bar or preclusion of the plaintiff's demands. And it appearing from the complaint that the plaintiff is entitled to recover of the defendant, it is ordered and adjudged by the court that the plaintiff have and recover of the defendant, but, inasmuch as such damages are unknown to the court, let the plaintiff submit proof of damages so that a jury may inquire thereof and assess the said damages.

"Then came the plaintiff by attorneys and submitted its proof upon the inquiry into the damages to a jury, and thereupon came said jury of good and lawful men, to wit, J. H. Little, foreman, and 11 others, who, being duly impaneled and sworn as required by law, upon their oaths do say: 'We, the jury, find for the plaintiff and assess the damages at $185.94. J. H. Little, Foreman.' It is therefore considered, ordered, and adjudged by the court that the plaintiff, Traders' Securities Company, a corporation, have and recover of the defendant, C. C. Wooten, the sum of $185.94, the amount of the damages assessed by the jury, and also the sum of $14.15, the amount of the court costs in this case, for which execution may issue."

Denson & Denson, of Opelika, for appellant.

Questions of pleading are for the court; pleas may be waived or withdrawn by conduct. McGhee v. Cashin, 130 Ala. 561, 30 So. 367; Dougherty v. Colquitt, 2 Ala. 337; Tunstall v. Donald, 15 Ala. 841; Dearing v. Smith, 4 Ala. 432. No judgment can be annulled, arrested, or set aside for any matter not previously objected to, if the complaint contain a substantial cause of action; and errors or defects cannot be urged for first time on appeal. Code 1923, § 7858; Hall v. First Bank, 196 Ala. 627, 72 So. 171; Hershey Choc. Co. v. Yates, 196 Ala. 657, 72 So. 260; Tilson v. Graham, 208 Ala. 312, 94 So. 295; Sternberg v. Bonfeld, 19 Ala. App. 595, 99 So. 659; Summerlin v. Dowdle, 24 Ala. 428; Kennedy v. Young, 25 Ala. 563. Error must be made to appear affirmatively, and the rule is to indulge all presumptions favorable to the correctness of the judgment of the lower court, in order to sustain and not to reverse it. Hanby v. Phillips-Buttorff Mfg. Co., 12 Ala. App. 543, 68 So. 477; Johnson v. Straus Sad. Co., 2 Ala. App. 300, 56 So. 755; Contorno v. Ensley Lbr. Co., 211 Ala. 211, 100 So. 127. A plea of the general issue does not deny the execution of a written instrument sued on, and does not put the same in issue, but confesses it. Brandon v. Leeds State Bank, 186 Ala. 519, 65 So. 341; Code 1923, §§ 9471, 7662, 7663; Stull v. Daniel Mach. Co., 207 Ala. 544, 93 So. 583; Blankenship v. Lanier, 212 Ala. 60, 101 So. 763. In actions founded on instruments in writing, if judgment by default or nil dicit be rendered for plaintiff, even though there is negative plea on file (not denying execution), and jury is demanded, judgment may be rendered by the court without intervention of the jury. Code 1923, §§ 9495, 9499, 7881; McGowin v. Dickson, 182 Ala. 161, 62 So. 685. No judgment may be reversed or set aside, unless it appear that the error complained of probably injuriously affected the substantial rights of the party. Supreme Court rule 45; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469.

Barnes, Walker & Barnes, of Opelika, for appellee.

In the absence of a demurrer thereto, a plea of not guilty will be considered a plea of the general issue. Penna. Cas. Co. v. Mitchell, 157 Ala. 589, 48 So. 78; Espalla v. Richard, 94 Ala. 159, 10 So. 137. The plea of the general issue cast upon the plaintiff the burden of proving his cause of action, and it was error for the court to render judgment nil dicit, and award a writ of inquiry to ascertain by the jury plaintiff's damage. Wildsmith v. Graves, 209 Ala. 294, 96 So. 230; Barnard v. Irwin, 8 Ala. App. 544, 62 So. 963; Ex parte Irwin, 184 Ala. 666, 63 So. 1027; Clements v. Mayfield, 128 Ala. 332, 29 So. 10. If the plea of the defendant pro-

fesses to answer the whole complaint, but in fact answers only a part, it is demurrable, and plaintiff cannot waive the objection and take judgment for the part unanswered. 34 C. J. 165; Snedecor v. Pope, 143 Ala. 275, 39 So. 318; Smith v. Heineman, 118 Ala. 195, 24 So. 364, 72 Am. St. Rep. 150; Deshler v. Hodges, 3 Ala. 509; Adams v. McMillan, 7 Port. 73. Failure of defendant to appear and sustain it is not a waiver of his plea of the general issue, which is not an affirmative plea. Blankenship v. Lanier, 212 Ala. 60, 101 So. 763; Ex parte Irwin, supra.

BOULDIN, J. [1] When a cause at issue is regularly called for trial and come the parties, "the defendant in person and by attorney," and "says nothing in bar or preclusion of the plaintiff's demand," and thereupon the court enters judgment nil dicit with writ of inquiry, proceeds to impanel a jury, and hear the evidence, the defendant, making no objection to the form of judgment, nor to the evidence offered, nor asking any instructions to the jury, must be taken on appeal to have waived, abandoned, or withdrawn pleas theretofore filed. Such is the case here, as shown by the affirmative recitals of the judgment, aided by the presumptions indulged in the absence of a bill of exceptions. Bryant v. Simpson, 3 Stew. 339, 342; Dearing v. Smith, 4 Ala. 432, 436; Hutchison v. Powell, 92 Ala. 619, 622, 9 So. 170; Linch v. Scott, 18 Ala. App. 630, 93 So. 326.

In some of the early cases it was held that where the judgment was silent as to the presence of the defendant at the trial, it would be presumed in aid of the judgment that he was present and withdrew or abandoned his pleas.

This view was departed from in later decisions, and the case of McCollom v. Hogan, 1 Ala. 515, stating this doctrine, was declared overruled by the later decisions in Barnard v. Irwin, 8 Ala. App. 544, 548, 62 So. 963, approved by this court on certiorari, Ex parte Irwin, 184 Ala. 666, 63 So. 1027.

But a review of the cases does not disclose that the principles announced in the above-cited cases, where the record affirmatively shows the presence of the defendant at the time of the trial, have been departed from. The distinction is important. When the defendant is in court, called upon to present his defense, and presents none, surely there is no duty upon the court to make and submit the issue for him.

In Wildsmith v. Graves, 209 Ala. 294, 96 So. 230, the judgment entry showed that the defendant, "being solemnly called, came not," etc. The judgment was declared to be neither by default nor nil dicit. Said the court:

"The effect of the pleas of the general issue was to cast upon the plaintiff the burden of proving his cause of action, and it was not sufficient to submit to the jury the question of the amount of damages only."

See, also, Garnett v. Scott, 207 Ala. 263, 92 So. 408.

In Clements v. Mayfield Woolen Mills, 128 Ala. 332, 29 So. 10, the defendant appeared, pleaded, requested instructions to the jury, and took a bill of exceptions on appeal. This decision goes to the effect that the defendant may stand on the weakness of the plaintiff's evidence, and because he offers no proof does not warrant a judgment nil dicit cutting him off from such defense. The rule thus declared is not to be questioned.

In Barnard v. Irwin, 8 Ala. App. 544, 62 So. 963, a distinction is drawn between pleas of the general issue, or other pleas casting upon the plaintiff the burden of making out his case, and pleas setting up an affirmative defense wherein the burden is on defendant. In cases of the latter class the pleas admit plaintiff's cause of action, and, upon failure to appear and prove the matter in avoidance, a judgment by default or nil dicit, notwithstanding such pleas on file, will not call for a reversal on appeal. Hutchison v. Powell, 92 Ala. 619, 9 So. 170; Dougherty v. Colquitt, 2 Ala. 337.

In a suit upon a promissory note or other unconditional promise to pay a certain sum, while the general denial puts in issue the existence of the paper sued upon and casts upon the plaintiff the burden to introduce the instrument, it does not put in issue the execution of the paper. Inasmuch as the instrument is the evidence of the amount of the debt and is offered in proof of that fact, it seems a judgment by default or nil dicit in such case will not be disturbed on appeal, although a plea of the general issue is on file. Brandon v. Leeds State Bank, 186 Ala. 519, 65 So. 341.

But the present case is governed by the rule that, where the defendant is present in court at the time of trial, called upon to present his pleas, but declines so to do, and keeps silent while a judgment nil dicit is entered and a writ of inquiry executed, all intendments will be held against him.

[2] The facts appearing affirmatively from the judgment here, together with the absence of a bill of exceptions showing objections on the trial, the pleas must be held to have been waived, abandoned, or withdrawn. To hold otherwise is to reverse the all prevailing rule that error must affirmatively appear, and all reasonable presumptions must be indulged to support the judgment.

The writ of certiorari is granted, the judgment of reversal vacated, and the cause remanded to the Court of Appeals.

All the Justices concur.