ALBANY,
May, 1839.

THE PEOPLE *ex relatione* Halsted and another *vs.* THE SUPE-
RIOR COURT OF THE CITY OF NEW-YORK.*

The People
v.
The Superior
Court of the
city of N. Y.

Where personal property levied upon by virtue of an execution, and delivered
to a plaintiff in replevin, is again levied upon by another execution, an or-
der to stay proceedings upon the second execution until the determination
of the replevin suit will be granted upon the application of the plaintiff in
replevin.

MOTION for mandamus. The relators issued an execution
on a judgment in their favor, against Joseph L. Joseph
and others, which was levied upon household furniture in
the possession of the defendants in the execution. A per-
son of the name of Levy, applied to the superior court of
the city of New-York, for an order staying proceedings
upon the execution, until the determination of a suit in re-
plevin commenced by him in reference to the same furni-
ture, which had been taken by virtue of an execution,
against the same defendants, on a judgment in favor of one
Dixon, previous to the issuing of the relators' execution.
The furniture which is not of a value equal to the amount
of Dixon's execution, was delivered by virtue of the writ of
replevin to Levy, who left it in the possession of the defend-
ants in the execution. The superior court granted the
application of Levy, and the relators now ask for a *mandamus,*
requiring that court to vacate the rule staying proceed-
ings.

*S. Stevens,* for the relators.

*M. T. Reynolds,* contra.

*By the Court,* COWEN, J. The mandamus cannot be
granted. This court cannot control the discretion exercised
by the court below. Besides it is not perceived why it was
not fitly exercised. The stay is only *temporary,* until the
determination of the replevin suit. It was fully competent to
the court to make the order.

Mandamus denied.

* Decided April, 1839.