# EX PARTE SOUTH AND NORTH ALABAMA RAILROAD COMPANY.

[APPLICATION FOR MANDAMUS TO COMPEL CIRCUIT COURT TO SET ASIDE ORDER OF CONTINUANCE AND TO DISCHARGE A GARNISHEE UPON ANSWER.

1. *Mandamus ; when will not lie.*—A *mandamus* will not lie to compel a judge of the circuit court to set aside an order of continuance of a garnishment for further answer pending in that court, unless, perhaps, the power to continue the cause has been corruptly used.

2. *Same.*—While an order of continuance of a garnishment suit in the circuit court remains in force, the supreme court will not grant a *mandamus* to inquire into the propriety, or impropriety, of the refusal of the circuit court to discharge a garnishee upon his uncontested answer in the circuit court, when the cause purports to be continued for further answer.

This was an application to this court for a *mandamus* to compel the circuit court Montgomery county, Hon. J. Q. SMITH, presiding, to set aside an order continuing a garnishment suit for further answer, and refusing to discharge the garnishee upon his uncontested answer. The facts of the case are set forth sufficiently in the opinion.

SAMUEL F. RICE, for petition.
JEFFERSON FALKNER, *contra.*

PETERS, J.—This is an application for *mandamus*. It has now been too long and thoroughly settled by the decisions of this court, to admit of doubt, that "an application for a *mandamus* will only be granted when the petitioner shows a clear legal right, and there is no other legal remedy to enforce it."—*Tarver v. Commissioners' Court of Tallapoosa*, 17 Ala. 527, 528 ; *Chisholm v. McGhee*, 41 Ala. 192 ; *Ex parte Garland*, 42 Ala. 559.

It is not necessary to discuss the merits of the answer of the petitioner to the garnishment in the case out of which this application has arisen, but only so much of the

proceedings therein as may show the grounds for the relief sought in this petition.

The petition and the record thereto appended, which is made a part of the petition, show that Jefferson Falkner recovered judgment against Francis M. Gilmer, jr., and Merriwether L. Gilmer, in the circuit court of Montgomery county, in this State, at the January term thereof, in 1869, for the sum of ten thousand and five dollars, besides costs ; upon which judgment execution had been issued. Upon this judgment a process of garnishment was regularly sued out of said circuit court, on the 14th day of January, 1870, against the petitioner, said South and North Alabama Railroad Company. This process of garnishment was duly served upon said railroad company, which appeared by its proper officer in said circuit court, at the June term thereof, in the year 1870, which is now in session, and made answer to said garnishment, which answer was reduced to writing and ordered to be filed as a part of the record in the cause in which said garnishment had been issued. This answer, the said Falkner, the plaintiff in said judgment, declined to contest. And thereupon said Falkner, said plaintiff, moved said circuit court to continue said garnishment suit for further answer from said garnishee, said railroad company. To this said railroad company objected, and moved the court to discharge said garnishee. Both these motions, by consent, were considered together, when the court refused to discharge the garnishee, and continued the cause until the next term of the court. To this action of the court the garnishee separately, and severally excepted, and reserved the same in a bill of exception.

And now, the said railroad company, comes here upon this record, and moves this court for a *mandamus*, to be "directed to the Hon. J. Q. Smith, judge of said circuit court, commanding him to set aside said order of continuance of said cause, and prescribing such order as petitioner is entitled to in the premises."

The continuance of a cause, or the refusal to continue it in the circuit court, is purely a matter of discretion. With such discretion this court has no power to interfere, unless,

perhaps, it has been corruptly used.—*Planters' Bank v. Willis & Company*, 5 Ala. 770, 779. In *Ex parte City of Montgomery*, Chief Justice CHILTON says: "Should this court interpose its jurisdiction to control the inferior courts in the exercise of their discretion, either in the making or continuing of interlocutory orders, or in refusing to make them in the progress of causes, it would be difficult to calculate the delay, embarrassment, and inconvenience which would result, not only to suitors, but to the courts themselves."

"If every order of continuance, every refusal to grant new trials, and the numerous interlocutory orders which are made in causes, both at law and in equity, from their inception to their final termination, could each be made distinct subject-matter for an appeal to this court, at the hazard of a heavy bill of costs, this court would become an intolerable grievance, and there would be no end to the litigation to which a cause, requiring a great number of such orders, might be subject."—24 Ala. 98, 99.

It is very evident that if this court should assume, by *mandamus*, to interfere in the control of *one* matter of discretion in the exercise of their jurisdiction by the inferior courts of the State, it might interfere with *all* matters of a like character. Then every contested order for a continuance, in every court of the State, would in this way, sooner or later, be brought here for review. This would be an *intolerable grievance* indeed. Such has not heretofore been considered the office of the important writ of *mandamus*. It is not granted to control matters of discretion.—24 Ala. 98, 99, *supra; Gay v. Bridge*, 11 Pick. 189; *Ex parte Fleming*, 4 Hill, 581; *St. Luke's Church v. Slack*, 7 Cush. 226.

An order of continuance has the effect to postpone further action in the cause by the court, until the next term of the court to which the cause has been continued. No further order can properly be taken in the cause, except possibly to set the order of continuance aside, until the order of continuance has expired. In this view of the practice, this court would be precluded by the order of continuance from looking into the refusal to discharge the garnishee,

Therefore, no opinion is intended to be given upon the propriety, or the impropriety, of the refusal of the circuit court to discharge the petitioner from making further answer to the garnishment. The petitioner's right, when he shows sufficient cause to be discharged at the proper time, and in the proper way, is unquestionable; but the denial of this right is a matter of error, which may at the proper time be brought to this court by appeal. The remedy for its correction is ample, without resort to the process of *mandamus.*—*Ex parte Elston,* 25 Ala. 72, 73 ; Rev. Code, § 3485, 2984.

The application for *mandamus* is denied, and the petitioner, said railroad company, will pay the costs of the application.