# *Ex parte* Scudder-Gale Grocery Co.

### *Application for Mandamus.*

1. *Trial and its incidents; mandamus will not be awarded to control exercise of discretion by trial judge* —The proper conduct and disposition of the business of *nisi prius* courts, such as continuances, &c., involve the exercise of sound discretion on the part of the judge presiding; and the exercise of this discretion will not be controlled by *mandamus*, except when there has been an abuse, or arbitrary and unjust use, of such discretion.

2. *Same; same; case at bar.*—Where on a day fixed by the rule of the court for hearing motions, the plaintiff in a pending case moves the court for judgment by default, but the judge, who had been in office for only two days, continued such motion until the next motion day, assigning as a reason for such action on his part the confusion and accumulation of business incident to a change of officers of the court and a misunderstanding as to the hearing of motions on that day. by reason of a prior order of the court continuing many cases until the following week, such action of the court was not beyond the reasonable exercise of the trial court's discretion, and is not subject to control by *mandamus*.

3. *Same; mandamus not awarded until there has been some ruling by trial court.*—The writ of *mandamus* will not be awarded, where the relator did not seek in the trial court. the establishment of the right asked to be effectuated by the writ; and where it is made to appear that the petitioner did not invoke action by the trial court to grant the ultimate relief prayed for in the petition, and there had been no refusal on the part of the court to do its duty, the writ will be denied.

This was an original application filed in this court asking for the issuance of a writ of *mandamus*, addressed to A. A. Coleman, Judge of the Tenth Judicial Circuit, requiring him to enter judgment by default in favor of the petitioner. The facts of the case are sufficiently stated in the opinion.

SAM WILL JOHN, for petitioner.—The act to regulate the practice and proceedings in civil cases in the circuit

court of Jefferson county (Acts of 1888–89, p. 797) gives the plaintiff in the suit wherein the defendant has failed for thirty days after service to appear and plead, the right to a judgment by default. The language of the statute in this regard is mandatory.—*Nabors v. Nabors*, 2 Port. 169 ; *Ex parte Simonton*, 9 Port. 395 ; *Tarver v. Commissioners' Court*, 17 Ala. 531 ; *Echols v. Hubbard*, 90 Ala. 311 ; *Turnipseed v. Jones*, 101 Ala. 597.

Having a plain legal right to have a judgment by default rendered, and the court refusing to render the judgment, this court will award a *mandamus* compelling the circuit court to render the judgment.—*Ex parte S. & N. Ala. R. R. Co.*, 65 Ala. 601 ; *Ex parte Ware*, 48 Ala. 223 ; *Ex parte Swan*, 23 Ala. 201 ; *Ex parte Garland*, 42 Ala. 565 ; *Lee v. Harper*, 90 Ala. 549 ; *Reynolds v. Crook*, 95 Ala. 578 ; *Ex parte Tower Manfg. Co.*, 103 Ala. 418.

No counsel marked as appearing for respondent.

SHARPE, J.—The application was made to this court on December 2d, 1898, and seeks the issuance of a writ of *mandamus* to compel the Judge of the Tenth Judicial Circuit, holding the circuit court for the county of Jefferson, to enter a judgment by default as of the 5th day of November, 1898, in an action of detinue pending in that court, wherein the petititioner was plaintiff, upon the ground that the defendant therein being in default, the petitioner, on a day when by the rules of that court such motions could be heard, moved the court to enter a judgment by default, which motion the court refused and passed to a later day. The return of the circuit judge was submitted with this application. It shows in effect that he was inducted into office two days before the motion for judgment was made ; that as incident to a change of officers and an accumulation of business, an order was made by the court continuing many cases to another week of the term ; that when plaintiff's motion for judgment was made, the court was informed by the clerk "that there was no default docket made to be called on that day, and that there was a general impression by the bar that all cases had been passed to be reset under the order made on Thursday ;" and the court was also informed that petitioner's case would probably be litigated.

Thereupon, the court declined to entertain the motion at that time without consent of. the opposite party; stating to the plaintiff's attorney as a reason therefor the misunderstanding as to the call of such cases together with the information that the case would probably be defended. The case was then continued to the next motion day, before which time pleas were filed in the cause.

The proper conduct and disposition of the business of *nisi prius* courts necessarily involves the exercise of some discretion by the court. The precise time at which a cause ready for trial should be entered upon, depending as it frequently does upon considerations of convenience, both public and private, can hardly be made the subject of unbending rules so as to give to a party to a cause the absolute right to demand and require that his case though ready for trial shall be immediately entered upon and disposed of. Varying circumstances may arise which cannot be foreseen calling for the present use of discretion which is in the power alone of the trial court. Since it is the only tribunal which can take immediate cognizance of the attending circumstances, the trial court is presumed to be the one most capable of determining the proper action in the given case. Therefore, it is an established rule that, though the abuse or arbitrary and unjust use of discretion may be controlled, yet the discretion of the court to which it properly belongs when reasonably exercised is not to be supplanted by the judgment of another though a superior court; and that, therefore, *mandamus* will never be used to control such exercise of discretion, even though it may not be in accord with the judgment of the Supreme Court.—High on Extr. Legal Rem., § § 154, 156 ; *Ex parte City of Montgomery*, 24 Ala. 98 ; *Ex parte S. & N. Ala. R. R. Co.*, 44 Ala. 654 ; *Ex parte Shaudies*, 66 Ala. 134.

The answer to this petition is uncontroverted, and must be taken as true. Its statements and admissions of fact are those upon which petitioner submits his right to relief.—High on Extr. Legal Rem., § 462. It appears therefrom that the action of the court complained of did not amount to a denial of petitioner's motion, but only

to the making of an interlocutory order postponing and fixing the following Saturday for its hearing. As to the propriety of that action we will express no opinion further than to say that under the facts shown by the return we are unable to say that such action was without the reasonable exercise of the court's discretion.—*Stone v. McCann,* 79 Cal. 460; *People v. Supreme Court of New York,* 19 Wend. 701; High on Extr. Legal Rem., § 168; Merrill on Mandamus, § 204.

But other sufficient reasons appear why the writ can not be granted. The petitioner makes this application after the day so appointed for the hearing of his motion without invoking further action in the trial court. If under the special practice act of that court the pleas could have been ignored, no reason appears why he could not have obtained his judgment by default on that day. The right of a defendant under a similar act to plead after thirty days from service was discussed in *Hudson v. Wood,* 102 Ala. 631. If, however, the pleas did present an obstacle to judgment by default, the court, unless moved to strike them out, could not legally render such judgment without disposing of them, which might have been by a motion addressed to its discretion. The court will not be required to commit error.—Heard's Shortt Extr. Rem., 271; *State ex rel. v. Judge,* 15 Ala. 740; *Comer v. Bankhead,* 70 Ala. 136.

The existence of another adequate remedy to enforce a right and the absence of a clear legal right to the writ are each conditions fatal to an application for *mandamus,* which issues only in case of necessity.—Merrill on Mandamus, § § 209, 222; High on Extr. Legal Rem., § 177; 2 Brick. Dig. 240 and cases cited.

When the duty sought to be enforced is of a private nature affecting only the right of the relator, when it is not clear that there has been a refusal to act either positive or by conduct equivalent thereto on the part of the officer, the writ will be denied, and the reason, as stated in Merrill on Mandamus, section 222, is that "it would be an abuse of justice to convict one of non-feasance or misdemeanor in neglecting his official duty when he has not refused to do what may be required, and to mulct him in costs when he is not in default." See also Heard's Shortt Extr. Rem., 248.

In view of the failure of petitioner to invoke the proper action in the circuit court, it does not appear that at the time of this application the court is in the attitude of refusing to do its duty.

As to the duty sought to be enforced the rule is that it must relate to a specific legal remedy adequate to restore the party complaining to the situation in which he was when the act complained of was done.—2 Brick. Dig. 240. The specific relief prayed by this petition is to compel the entry of a judgment by default as of the 5th day of November, 1898. It is not claimed that application was ever made to the circuit court to enter such judgment *nunc pro tunc*, nor are we advised of any authority in that court to so render the judgment, or in this court to command such rendition. A demand depending for its enforcement upon the invention of such retroactive fiction is not the clear legal right which alone can be aided by *mandamus*.

For the several reasons stated the writ must be denied.