# *Ex Parte* Seals Piano & Organ Co.

## *Mandamus.*

### (Decided July 25, 1914.  66 South. 146.)

1. *Mandamus; Grounds; Control of Discretion.*—Except in extraordinary cases for gross abuse of discretion the exercise of the trial court's discretion in granting a continuance will not be controlled by mandamus.

2. *Landlord and Tenant; Rent; Attachment; Continuance.*—Under sections 2924, 2961, Code 1907, made applicable to attachments by a landlord, by section 2751, Code 1907, the court properly granted the continuance in a cause wherein an attachment was sued out by a landlord to enforce his lien for rent not yet due when the cause was continued.

ORIGINAL application in Supreme Court.

Application by the Seals Piano & Organ Company for a writ of mandamus directed to the Honorable W. W. Pearson, judge of the circuit court, to require him to annul and set aside an order made by him continuing an attachment proceedings. Mandamus denied.

W. A. GUNTER and TILLEY & ELMORE, for appellant. The affidavit was insufficient as a basis for any attachment, and this is the initiatory step, and the foundation of the whole proceeding.—§ 4747, et seq., Code 1907; Drake on Attachment, §§ 83-4; *Flexner, et al. v. Dickerson*, 65 Ala. 130. The statute cannot operate for rent not yet due except on affidavit of the existence of one of the three grounds.—*Nicrosi v. Roswald*, 113 Ala. 592; *Staggers v. Washington*, 65 Ala. 225; *Knowles v. Steed*, 79 Ala. 428. Petitioner is possessed of an unqualified right to the special writ of mandamus or prohibition.— *Ex parte Cole*, 28 Ala. 50; *Ex parte Robbins*, 29 Ala. 71; *Ex parte Morgan*, 30 Ala. 51; *First N. Bank v. Cheney*, 120 Ala. 117.

RUSHTON, WILLIAMS & CRENSHAW, for appellee. A motion to dismiss an attachment is addressed to the sound discretion of the trial court, and cannot be reviewed by mandamus.—*Ex parte Putnam*, 20 Ala. 592; *Ex parte Bottom*, 46 Ala. 312; *Busbin v. Ware*, 69 Ala. 279; *Mohr v. Chaffee*, 75 Ala. 307; *Ex parte McKissack*, 107 Ala. 403. An appeal after final judgment furnishes an adequate remedy.—*Board of Revenue v. B'ham W. W. Co.*, 160 Ala. 152, and authorities supra.

MAYFIELD, J.—This is an original application to this court, for a writ of Mandamus directed to Hon. W. W. Pearson, judge of the circuit court for Montgomery county, commanding and requiring him to set aside and annul an order made by him, continuing the trial of the cause pending in the circuit court of Montgomery county, wherein N. J. Bell et al. are plaintiffs and the Seals Piano & Organ Company is defendant, and to proceed with the trial of the cause. The action was one of attachment, instituted by N. J. Bell et al., as landlords,

against the Seals Piano & Organ Company as tenant. The object of the attachment was to collect rent due and to become due under a contract of rental, made between the parties, of certain storehouses in the city of Montgomery, Ala. The action was instituted under article 3, c. 106, §§ 4747-4752, of the Code.

Section 4748 of the Code reads as follows: "The landlord shall have the right, for the enforcement of such lien, to sue out an attachment before any officer authorized to issue attachments, and returnable to any court having jurisdiction of the amount claimed, when the rent, or any installment thereof, is due, and the tenant fails or refuses, on demand, to pay such rent or installment; and also in the following cases, whether due or not:

"(1) When the tenant has fraudulently disposed of his goods, or is about to fraudulently dispose of his goods.

"(2) When the tenant has made an assignment for the benefit of his creditors.

"(3) When the tenant has made a complete transfer of all, or substantially all, of his goods, without the consent of the landlord, or without first having paid the rent in full for the term."

Section 4749 of the Code reads as follows: "Before such attachment is issued, the plaintiff, or his agent or attorney, must make affidavit, setting forth the amount that is, or will be, due for the rent, that one of the causes for issuing an attachment prescribed in the preceding section exists, and that the attachment is not sued out for the purpose of vexing or harassing the defendant; and must also execute a bond in double the amount claimed, payable to the defendant, with sufficient surety, and with condition that the plaintiff will prosecute the attachment to effect, and pay the defendant all such

damages as he may sustain from the wrongful or vexatious suing out of such attachment."

The affidavit in this case reads as follows: "The State of Alabama, Montgomery County. Before me, M. C. Mixon, a notary public, in and for said county, personally appeared N. J. Bell, who being duly sworn deposeth and saith, that Seals Piano Company, will be justly indebted to N. J. Bell, W. V. Bell and Annie B. Burkhead, as trustees under the will of N. J. Bell, deceased, in the sum of twenty-three hundred and ten dollars, after allowing all just offsets and discounts, and that the said indebtedness is for rent of two stores in the city and county of Montgomery, Alabama, and that an installment of rent for said stores is due and said tenant has failed or refused on demand to pay such installment and that this attachment is not sued out for the purpose of vexing or harassing the said defendant, or other improper motive.

"Sworn to and subscribed before me, this 7th day of August, A. D. 1913.

"M. C. Mixon, Notary Public."

The attachment was issued and levied upon a lot of pianos, and the defendant executed a forthcoming bond, and interposed a plea in abatement, upon the grounds that the affidavit was not made by the plaintiffs or their agents, that the debt or demand was not described therein, and that the affidavit failed to state any valid or legal ground for the issuance of the attachment. The plaintiffs interposed demurrers to this plea, assigning various grounds therefor. The defendant then made a motion to dissolve or quash the attachment, setting up substantially the same matters that were alleged in the plea, with the additional ground that no complaint had been filed. The plaintiffs objected to the filing of this motion, and moved the court to strike it,

assigning various grounds for the counter motion, among them, that a plea in abatement had been filed because the motion did not allege that the plaintiffs' demand was due, and generally that the motion showed no ground for dissolving or quashing the attachment suit. The court sustained the demurrer to the plea in abatement, declined to dissolve or dismiss the attachment, and continued the case upon the ground that the cause was not at issue because, we suppose, the demand sued upon, or all of it, was not then due or payable. To the action of the court in thus continuing the cause, the defendant excepted; and applies to this court for mandamus to require the judge to set aside his order and proceed to trial.

This is evidently not a proper case for the awarding of a peremptory mandamus to the circuit judge to set aside the order of continuance, and to proceed to a trial of the cause. Aside from the merits of this particular controversy, or the correctness of the ruling of the trial court in this particular case, the continuance of a cause rests largely in the discretion of the trial court; and this discretion will not be controlled by mandamus, except in extraordinary cases for gross abuse thereto.—1 Brick. Dig. 774, § 2; *Ex parte Jones,* 66 Ala. 204.

In *Ex parte City of Montgomery,* 24 Ala. 98, 99, speaking through CHILTON, C. J., this court had to say: "Should this court interpose its jurisdiction to control the inferior courts in the exercise of their discretion, either in the making or continuing of interlocutory orders, or in refusing to make them, in the progress of causes, it would be difficult to calculate the delay, embarrassment, and inconvenience which would result, not only to suitors, but to the courts themselves. If every order of continuance, every refusal to grant new trials, and the numerous interlocutory orders which are made

in causes, both at law and in equity, from their inception to their final termination, could each be made distinct subject-matter for an appeal to this court, at the hazard of a heavy bill of costs, this court would become an intolerable grievance, and there would be no end to the litigation to which a cause, requiring a great number of such orders, might be subject."

And in the subsequent case of *Ex parte South & North Alabama Railroad Co.*, 44 Ala. 654, 656, the above excerpt from *Ex parte City of Montgomery* was quoted approvingly by Peters, J., with these remarks: "It is very evident that if this court should assume, by mandamus, to interfere in the control of *one* matter of discretion in the exercise of their jurisdiction by the inferior courts of the state, it might interfere with *all* matters of a like character. Then every contested order for a continuance, in every court of the state, would in this way, sooner or later, be brought here for review. This would be an *intolerable grievance* indeed. Such has not heretofore been considered the office of the important writ of mandamus. It is not granted to control matters of discretion.—24 Ala. 98, 99, supra; *Gray v. Bridge,* 11 Pick. [Mass.] 189; *Ex parte Fleming,* 4 Hill [N. Y.]581; *St. Luke's Church v. Slack,* 7 Cush. [Mass.] 226."

Moreover, we are not prepared to say that there was any error of which the defendant can complain. It is made to appear that a part of the debt or demand sued on was not due when the attachment was sued out, nor when the cause was continued.

The law authorizes attachments to be sued out for debts or demands that are not due, as well as for those that are; but, of course, a judgment should not be taken until the demand is due.—Code, § 2924, subd. 1. Section 2961 of the Code provides that if the attachment is

[Ex Parte Delpey.]

issued upon a demand not then due, the cause shall not stand for trial, nor shall the plaintiff be required to file his complaint, until such demand is due and payable. ·—*Jones v. Holland,* 47 Ala. 732; *Perkerson v. Snodgrass,* 85 Ala. 137, 4 South. 752.

While the two sections of the Code above referred to, relate to general attachments, yet section 4751 of the Code makes such provisions applicable to attachment by the landlord, to enforce his liens for the rent of storehouses and other buildings, and therefore they are applicable to this case.

It therefore follows that the application for mandamus must be denied.

Mandamus denied.