(89 South. 602)
**S. J. PETREE & CO. v. PHILLIP OLIM & CO., Inc.** (8 Div. 376.)

(Supreme Court of Alabama. June 30, 1921.)

1. Judgment ⚖️106(1) — Defendant must answer within statutory time, though demanding jury trial.

Defendant in law action, by demanding jury trial, is not relieved from obligation to plead, answer, or demur within 30 days from service of process, as required by Code 1907, § 5346, amended by Acts 1915, p. 825, and after such time is in default and subject to judgment, although the next jury session has not yet arrived.

2. Appeal and error ⚖️901—If facts warranting default judgment were not existent, bill of exceptions should so show.

Where the complaint is on an itemized and verified account alleged to be on file, and the appeal is on the record only, and there is nothing to contradict the allegation of the complaint, judgment on the account, with interest, without resort to a writ of inquiry, is expressly authorized by Code 1907, § 3971, and if the conditions prescribed by a statute for judgment by

default were not in fact existent, the bill of exceptions should so show.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Assumpsit by Phillip Olim & Co., Incorporated, against S. J. Petree & Co. and the individuals composing the firm. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The complaint was upon an itemized and verified account, was filed October 11, 1920, and served October 14, 1920, and demanded a jury. On January 18, 1921, the court, without the intervention of a jury, entered a judgment by default, finding the damages to be the amount claimed by the verified account, together with the interest thereon.

William L. Chenault, of Russellville, for appellants.

Jury having been demanded, the court could not, without writ of inquiry and without evidence, render a default verdict. 201 Ala. 97, 77 South. 391; 202 Ala. 259, 80 South. 97; 81 South. 692.

W. H. Key, of Russellville, for appellee.

There is no error in the judgment. Section 3971, Code 1907; Acts 1915, p. 609.

SOMERVILLE, J. [1] The fact that the defendant in an action at law has demanded a trial by jury does not relieve him of the obligation to plead, answer, or demur ,to the complaint within 30 days from the service of process as required by the Act of September 28, 1915 (Gen. Acts 1915, p. 825), amending section 5346 of the Code. After 30 days he is in default, and subject to judgment, although the time for the next jury session has not yet arrived.

[2] The complaint in this case is on an itemized and verified account alleged to be on file. The appeal is on the record only, and there is nothing to contradict the allegations of the complaint. In such a case, a judgment on the account, with interest, without resort to a writ of inquiry, is expressly authorized by section 3971 of the Code, and so far as appears the judgment herein was properly rendered by default, and the amount properly ascertained by the court without the aid of a jury. If the conditions prescribed by the statute for such a judgment were not in fact existent, their absence should have been shown by a bill of exceptions.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.