189 So. 56

### Ex parte CENTRAL ALABAMA DRY GOODS CO.

#### 1 Div. 60.

Supreme Court of Alabama.

May 18, 1939.

Keith & Wilkinson, of Selma, for petitioner.

Adams & Gillmore, of Grove Hill, for respondent,

FOSTER, Justice.

This is an original petition to this Court seeking a mandamus to the Hon. Joe M. Pelham, as Judge of the Circuit Court of Clarke County, by which there is brought in review his refusal as such judge to render a judgment by default in a suit in that court in which petitioner is plaintff and W. J. Lambard is defendant. Rule nisi was issued.

The petition alleges, and the answer admits, that the suit having been filed was served on defendant Agust 20, 1938; that on September 14, 1938, defendant in person, without attorney, filed written demand for trial by jury, but filed no pleading of any kind, nor made other appearance; that on March 27, 1939, which was Monday, the first day of the next jury session of the court for the trial of such cases, petitioner by attorney moved for a judgment by default. This motion was not granted. The suit had been set for trial for the next day, Tuesday, March 28, 1939.

The answer, which will be taken as true since it is not controverted—section 8979, Code,—alleges that there has been made no rule of the court prescribing the time and manner of calling cases for default judgment (Rule 15, Practice Circuit Court, section 9486, Code); but there is a custom in that court of long standing that no such defaults are entered except at regular sessions, and where defendant files a demand for a jury trial the cause is set on the jury docket; and the court has been in the habit of permitting in his discretion the defendant on the day set for trial to appear and plead the general issue, and sometimes to plead specially. So that the court declined on Monday to render a default judgment but deferred consideration until the next day when the case was set for trial.

On the next day when the case was called, petitioner again moved for a judgment by default. The answer to this petition alleges that the reason why this motion was denied is that when the case was called defendant's wife appeared in court and presented a certificate from a reputable physician that defendant was confined to bed and had been for several days on account of hernia, and requested a continuance of the case.

The judge avers that he felt that the demand for a jury manifested a purpose to litigate and was prevented by illness, since the demand for a jury was considered in that court as equivalent to plea; that though it is not so in fact, he felt that the situation addressed itself to his discretion; he weighed the equities of the situation and denied and overruled the motion for judgment by default and continued the case.

The principles of law which seem to have application are plain and fully settled, and as to which counsel do not disagree as we understand the briefs. For convenience we will restate them here.

Although a jury trial had been demanded by defendant, when he had not filed a plea or demurrer within thirty days after service of process, a judgment by default may be rendered against him, before the next jury session of the court. Petree & Co. v. Phillip Olim & Co., 206 Ala. 333, 89 So. 602; section 9486, Code.

But the court ordinarily has a large discretion as to whether a suit shall be continued, and his discretion will not be disturbed by this Court in the absence of abuse.—Knowles v. Blue, 209 Ala. 27, 95 So. 481; 2 Ala.Dig. 753, Appeal and Error, ☞966(1); 4 Ala.Dig. 813, Continuance, ☞7. This applies to the rendition of default judgments, that is, whether a judgment shall be rendered when proper or the suit continued for good cause shown. Ex parte Scudder-Gale Grocery Co., 120 Ala. 434, 25 So. 44.

Continuances are not favored by the courts. They should see clearly that the postponement is in furtherance of justice. It is difficult to fix rules. Courts should be vigilant to prevent abuse through such

procedure. "Thus a continuance will not be granted where there is no defense to the action, (or) where the applicant has made default." 13 Corpus Juris 126, 137, notes 32 and 33.

There should always be made a showing by one applying for a continuance that it is not made for vexation or delay, but in good faith for the purpose of obtaining a fair and impartial trial, and should be refused if it does not appear that it was not made for delay. 13 Corpus Juris 182.

Illness of a party which prevents his attendance at the trial is generally considered ground for a continuance where it appears that his presence is indispensably necessary and there is hope for an early recovery to health. 12 Am.Jur. 457, section 15.

"To authorize or justify a continuance on the ground of the absence of a party, it must be made to appear that he is a competent and material witness, or that his presence is indispensable to a fair trial of the merits of the cause; and that injustice may result to the applicant in the event of a refusal of the delay and his consequent inability to be present at the trial of the cause." 13 Corpus Juris 140, section 36.

In this case no one has ever made it known that defendant has or claims a meritorious defense, and none has been filed in court.

Assuming that his demand for a jury trial was understood as sufficient to justify his plea of the general issue, such plea could be of little benefit in a suit on a note. The suit was on a note. There is no claim of payment or other defense which would be available on special plea. No attorney had been employed.

The one and only inquiry is whether in a suit on a note with the possibility of a plea of the general issue, though none was filed, without a showing of a meritorious defense, and without filing a plea so indicating, and without a showing that it was indispensable for him to be present on the trial that his defense, if he has any, may be properly presented, or that he is a competent and material witness to some issue that may be made, the absence of defendant from sickness justifies a failure to render a default judgment and a continuance of the cause. We think it does not, and that the court should have rendered the default judgment.

A peremptory writ of mandamus is therefore ordered that he forthwith render such a judgment.

Writ awarded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.