24 So.2d 217

### Ex parte TAYLOR.

3 Div. 437.

Supreme Court of Alabama.

Dec. 27, 1945.

Ralph A. Clark, of Andalusia, and D. M. Powell, of Greenville, for petitioner.

Calvin Poole and T. W. Thagard, both of Greenville, for respondent.

LIVINGSTON, Justice.

Original petition in this Court for the writ of mandamus to be directed to Hon. Arthur E. Gamble, as Judge of the Second Judicial Circuit in and for Butler County, Alabama, in equity, requiring him to receive submission of demurrers filed in the case of Velvia C. Taylor versus Jodie B. Lee et al. . .

In substance the petition shows the following facts: One Jefferson F. Taylor died intestate on to-wit, October 7, 1944, leaving an estate consisting of personal property and real estate in Butler County, Alabama. He left surviving the following heirs and distributees: Jesse Benjamin Taylor and William Harris Taylor, adult sons who are in military service of the United States; Cora Doris Hooks, a married minor daughter over the age of nineteen years; James Jefferson Taylor, a minor son over fourteen years of age, and Leon Franklin Taylor, a minor son under fourteen years of age. Said minors have no legal guardian. On October 13, 1944, the Probate Court of Butler County, Alabama, appointed Jodie B. Lee administrator of the estate of Jefferson F. Taylor, deceased.

On to-wit, December 14, 1944, Velvia C. Taylor filed her bill of complaint in the Circuit Court of Butler County, in equity, against Jodie B. Lee, individually and as administrator of the estate of Jefferson F. Taylor, deceased, Jesse Benjamin Taylor, William Harris Taylor, Cora Doris Hooks, James Jefferson Taylor, Leon Franklin Taylor, and Velvia Frances Taylor. In said bill she alleged that the respondent Jodie B. Lee had been appointed administrator of the estate of Jefferson F. Taylor, deceased, and that the administration of said estate had been removed from the probate court to the circuit court, in equity; that the other respondents were the children, heirs and distributees of Jefferson F. Taylor, deceased; that she, the complainant Velvia C. Taylor, was the common law wife of Jefferson F. Taylor, deceased. The bill prayed for the setting aside of homestead and personal property exemptions allowed to the widow and minor children under the laws of this State; the allotment of dower to the widow, and that complainant be permitted to occupy the dwelling house and farm of the deceased free from the payment of rent, until her dower is assigned.

T. W. Thagard was duly appointed guardian ad litem for the respondent James Jefferson Taylor, a minor.

On to-wit, January 15, 1945, the respondent Jodie B. Lee, individually and as ad-

ministrator of the estate of Jefferson F. Taylor, deceased, filed demurrers to the bill of complaint. On the same day T. W. Thagard, as guardian ad litem for James Jefferson Taylor, a minor, filed demurrers to the bill of complaint.

On May 24, 1945, Velvia C. Taylor, through her solicitors, gave notice to the solicitors of Jodie B. Lee, individually and as administrator of the estate of Jefferson F. Taylor, deceased, and to T. W. Thagard, as guardian ad litem of James Jefferson Taylor, a minor, that the demurrers interposed by them to the original bill would be submitted for decree to the Hon. Arthur E. Gamble, Judge of the Second Judicial Circuit, sitting in equity, in the office of the register of the circuit court, in equity, in the courthouse in Greenville, Alabama, on Tuesday, the 5th day of June, 1945, at ten o'clock A. M.

On June 5, 1945, the solicitors for Jodie B. Lee, individually and as administrator of the estate of Jefferson F. Taylor, deceased, and T. W. Thagard, as guardian ad litem for James Jefferson Taylor, a minor, appeared in court at the time and place appointed—the Hon. Arthur E. Gamble, judge of said court being present. Said solicitors and guardian thereupon respectively filed objections to the hearing of said demurrers and moved the court for a continuance thereof. The basis for the objection and motion to continue was that respondents Jesse Benjamin Taylor and William Harris Taylor, who were in the United States Army, and Leon Franklin Taylor, a minor, had not been served with process, and as to them the cause was not at issue; and, further, that it would be manifestly unfair to the two respondents in the armed services to pass upon the merits of the bill without giving them an opportunity to test the sufficiency of the same and to be heard in their own behalf. The court entered an order sustaining the objection and granting the continuance. To vacate and set aside that order, and to have this Court require Hon. Arthur E. Gamble to receive the submission of the demurrers and to hear and decree upon the same, this petition for mandamus was filed.

Equity Rule 60, as amended by this Court on June 10, 1943 (Title 7, 1943 Cumulative Pocket Part, page 88) provides:

"Whenever a cause is at issue, any plaintiff or any defendant may have the cause set down for final submission at such time and place in the circuit as the court or judge may determine. Notice of the application for setting the cause shall be given either by the sheriff or by the movant or his attorney of record to all parties against whom a decree pro confesso has not been lawfully rendered.

"And submission may also be had on demurrer, motion, or other pleading upon ten days' notice to the opposing party or parties. Such notice may be given either by the sheriff or by the movant or his attorney of record."

The last paragraph of Rule 60, as set out above, constitutes the amendment of the rule adopted by this Court on June 10, 1943. Prior to the adoption of the new equity rules, effective January 1, 1940, the substance of the amendment was contained in Equity Rule 74. Old Equity Rule 74 was not brought forward into the new rules. It will be seen, therefore, that for many years, with the exception of the period between January 1, 1940, and June 10, 1943, our rules provided for setting down for hearing a demurrer in vacation (between sessions) on ten days' notice.

 The question here presented is controlled by the principles enunciated in the case of Ex parte Seals Piano & Organ Co., 188 Ala. 443, 66 So. 146, 147, where it was said:

"This is evidently not a proper case for the awarding of a peremptory mandamus to the circuit judge to set aside the order of continuance, and to proceed to a trial of the cause. Aside from the merits of this particular controversy, or the correctness of the ruling of the trial court in this particular case, the continuance of a cause rests largely in the discretion of the trial court; and this discretion will not be controlled by mandamus, except in extraordinary cases for gross abuse thereto. 1 Brick.Dig. 774, § 2; Ex parte Jones, 66 Ala. [202], 204.

"In Ex parte City [Council] of Montgomery, 24 Ala. 98, 99, speaking through Chilton, C. J., this court had to say: 'Should this Court interpose its jurisdiction to control the inferior courts in the exercise of their discretion, either in the making or continuing of interlocutory orders, or in refusing to make them, in the progress of causes, it would be difficult to calculate the delay, embarrassment, and inconvenience which would result, not only to suitors, but to the courts themselves. If

every order of continuance, every refusal to grant new trials, and the numerous interlocutory orders which are made in causes, both at law and in equity, from their inception to their final termination, could each be made distinct subject-matter for an appeal to this court, at the hazard of a heavy bill of costs, this court would become an intolerable grievance, and there would be no end to the litigation to which a cause, requiring a great number of such orders, might be subjected.'

"And in the subsequent case of Ex parte South & North Alabama Railroad Co., 44 Ala. 654, 656, the above excerpt from Ex parte City of Montgomery was quoted approvingly by Peters, J., with these remarks: 'It is very evident that if this court should assume, by mandamus, to interfere in the control of one matter of discretion in the exercise of their jurisdiction by the inferior courts of the state, it might interfere with all matters of a like character. Then every contested order for a continuance, in every court of the state, would in this way, sooner or later, be brought here for review. This would be an intolerable grievance indeed. Such has not heretofore been considered the office of the important writ of mandamus. It is not granted to control matters of discretion. 24 Ala. 98, 99, supra; Gray v. Bridge, 11 Pick., Mass., 189; Ex parte Fleming, 4 Hill, N.Y., 581; [Proprietors of] St. Luke's Church v. Slack, 7 Cush., Mass., 226.' "

For another reason, we are not prepared to say that there was error of which petitioner can complain.

The Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. Appendix § 521, provides:

"At any stage thereof any action or proceeding in any court which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

In Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 1231, 87 L.Ed. 1587, the Supreme Court of the United States held, that while a stay of proceedings against a defendant in the military service is not a matter of absolute right:

"The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjusted is usually prima facie prejudicial. But in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the courts to see that the immunities of the Act are not put to such unworthy use."

 We perceive of no sound reason to here draw nice distinctions between a continuance of the cause and a stay of the proceedings. For all practical purposes the results are the same. In either event, the matter is one resting in the sound discretion of the trial court. In the instant case the record discloses no abuse of such discretion, and it necessarily follows that the writ is due to be and is denied.

Petition for mandamus denied.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.