62 So.2d 241

**Ex parte DRIVER.**

**2 Div. 314.**

Supreme Court of Alabama.

Dec. 18, 1952.

234

Withers & Kerr, Greensboro, and Mc-
Queen & McQueen, Tuscaloosa, for peti-
tioner.

G. E. Sledge and Walter P. Gewin, Greensboro, for respondent.

SIMPSON, Justice.

This is an original petition for mandamus filed in this court by the plaintiff in a cause pending in the Hale Circuit Court, styled J. E. Driver, Plaintiff, v. J. C. Beech et al., Defendants, praying that the writ be directed to the Honorable L. S. Moore, as Judge of said court, to command him to set aside an order entered in said cause on the 30th of September, 1952, and to grant plaintiff's motion for a judgment nil dicit or, in the alternative, for a rule nisi to be directed to said judge to show cause why the defendants should not be taxed with court costs to date.

Following are the facts on which petitioner claims the right to the issuance of this extraordinary writ: When the motion for the judgment nil dicit was made in the circuit court, the cause had been previously continued three times, twice by the defendants, and the defendants were then moving for another continuance. The suit was filed March 17, 1950. The case was first continued because of the pendency in this court of a proceeding in mandamus filed by the plaintiff to require the defendant to answer certain interrogatories. Ex parte Driver, 255 Ala. 118, 50 So.2d 413. The defendants seasonably interposed demurrers to the complaint, which were overruled, and thereafter filed a plea of the general issue in short by consent. On October 15, 1951, on the second call of the case for trial, it was continued on motion of the defendants by reason of the illness of the wife of one of the attorneys for the defendants; at the next call, April 8, 1952, it was again continued on motion of defendants due to the illness of one of the attorneys for the defendants; then finally on September 30, 1952, at the following term, the defendants again moved for a continuance because of the illness of the defendant J. C. Beech, who was shown to be the chief defendant in the case and the person alleged to have committed the tort complained of in the complaint, and that there was no one else except defendant Beech possessed of all the facts of which he was conversant. It is this last continuance of which the petitioner complains and on which he rests his contention that he was entitled to have his motion for a judgment nil dicit granted against the defendants, or in the alternative an assessment against them of the costs to date.

When the instant petition was presented to this court, the Justices ordering the issuance of the rule nisi were clearly of the opinion that the plaintiff made no showing that he was entitled to a judgment nil dicit, but did entertain that aspect of the petition with respect to the failure of the lower court to require the defendants to pay the costs and ordered the rule to issue to the respondent judge to show cause why he should not enter such an order.

A painstaking study of the record, together with the governing authorities, has convinced us that the petition cannot be sustained on either aspect of the case.

 Clearly the plaintiff, petitioner here, was not entitled to a judgment nil dicit. The defendants were in court by their attorneys defending the action with their plea on file. They first moved for a continuance on the ground of the absence of Beech and had it been denied, they still would have been entitled to go to trial on their plea regardless of the absence of one defendant. Merely by moving for a continuance was no abandonment or waiver of their plea or any other defense, but to the contrary, obviously evidenced that they were strenuously defending the suit, their first effort being to obtain the continuance, which was granted by the court. These circumstances fail to establish any right in the plaintiff to a judgment nil dicit. Wooten v. Traders' Securities Co., 216 Ala. 147, 149, 113 So. 492; Hutchison v. Powell, 92 Ala. 619, 622, 9 So. 170; Elyton Land Co. v. Morgan, 88 Ala. 434, 7 So. 249.

The case of Ex parte Central Alabama Dry Goods Co., 238 Ala. 20, 189 So. 56, is not an apposite authority to sustain the contention of petitioner. There the defendant had interposed no defense to the suit, but on the first day of the session of court when the plaintiff moved for a judgment, the court refused and at a later date on a showing of illness of defendant continued the cause. It was the opinion of this court that no showing was made to justify the continuance, since it was never made known that the defendant had or claimed a meritorious defense, no plea or demurrer having been filed; that without a showing of a meritorious defense and without filing a plea so indicating and without a showing that it was indispensable for defendant to be present on the trial to properly present his defense, if he had any, or that he was a competent or material witness to some issue, that his absence by reason of sickness did not authorize a continuance. The instant case presents just the contrary and showed all of the essentials which would deny the plaintiff the right to a judgment nil dicit.

We have become equally convinced, in the light of the cases governing, that this court should not revise the action of the respondent judge in granting the continuance without penalty. When the rule nisi was ordered, we thought it wise to look into the matter because of the recognized principle that every litigant is entitled to a speedy trial and the petition indicated the plaintiff had not been accorded that treatment and thus might be entitled to have the costs to date assessed against the defendants. On coming in of the answer, however, we have concluded that the writ should not be granted. The reason will appear manifest to the impartial mind.

 The grant or refusal of a continuance rests within the discretion of the trial court. For a long time action in that regard was not even reviewable. Now, however, it appears that such action will be subject to revision where an obvious and palpable abuse of discretion is shown. Lutz v. Van Heynigen Brokerage Co., 202 Ala. 234, 80 So. 72; Knowles v. Blue, 209 Ala. 27, 30, 95 So. 431.

 It is conceded that before mandamus will issue to the lower court the petitioner must have a clear legal right to have the act done which is sought to be coerced. Since continuances are within the sound discretion of the trial court, we have said that this discretion will not be controlled by mandamus except in extraordinary cases of gross abuse. Ex parte Taylor, 247 Ala. 308, 24 So.2d 217; Ex parte Seals Piano & Organ Co., 188 Ala. 443, 66 So. 146.

 The same rule applies with respect to the taxation of costs. For analogy see Montgomery & W. P. R. Co. v. Persse, Taylor & Co., 25 Ala. 536; Moore v. Blackwell, 217 Ala. 215, 115 So. 248.

We cannot say with any degree of certainty that the record reflects that gross abuse of discretion by the trial court in granting the continuance without penalty. The record indicates that a considerable amount of the costs had been imposed in the case by petitioner. The court was fully acquainted with the file in the case and conversant with the entire situation and we are unwilling to declare him in error within the rule stated. To be sure, this is a borderline case and we are not so sure that we would have been as lenient with the defendants as was the respondent. But this is not the test. The test is gross abuse of discretion, which we are doubtful has been shown.

■ We keep in mind the rule that to warrant a continuance because of the absence of a witness or evidence it must be shown (1) that the expected evidence will be material and competent; (2) a probability that the testimony can be obtained at a future date to which the cause may be continued or postponed; (3) due diligence having been exercised by the movant to secure the absent witness or evidence; (4) the expected evidence must be credible and will probably affect the result; (5) the evidence must not be merely cumulative or impeaching; (6) that the motion for continuance is not made merely for purposes of delay. Knowles v. Blue, supra. But we think the trial judge might have been warranted in finding these pertinent requisites incident in the continuance of the cause because of the absence of defendant Beech due to his illness. His presence at the trial was shown to be indispensable by reason of the peculiar character of his testimony and it was proven to the satisfaction of the trial judge that his illness rendered his presence impossible; that he was guilty of no negligence or bad faith and that in all probability he would be available at a future time when recovered from his illness.

■ On the question of this defendant's inability to attend court, the record discloses that it was due to an accidental injury he had received a day or so before the trial and his consequent confinement in the hospital. His wife testified that although she was not present, she knew he had been so injured on Sunday before the Tuesday on which the case was to be tried; that he was being treated by Dr. Alfred R. Earl, of Mobile, where the defendant lived, and that defendant was there confined in the Mobile Infirmary; that she had carried him to the hospital after the accident and that he was suffering with pain. A telegram signed by Alfred R. Earl, addressed to the respondent judge, from Mobile, Alabama, stated that Beech was admitted to the Mobile Infirmary because of shortness of breath and severe low back pain and, though his X-rays taken of the lower back failed to reveal any evidence of recent fractures, there were advanced arthritic changes in the lumbo-sacral area, which might account for his disability at that time, and that he was unable to travel by automobile any distance, but that if improvement continued he would be discharged from the hospital at the end of the week. Defendant's attorney, Mr. Sledge, testified that this telegram was the result of a long distance telephone call to Dr. Earl's office that morning, where he talked to the doctor's secretary and asked her to have Dr. Earl telegraph the respondent judge with reference to Beech's condition and asking him to state whether or not in his opinion Beech was able to attend court. The telegram was the reply to this telephone request. The weight and credibility of all of this evidence was purely for the trial judge in making up his opinion on the question of the exercise of his discretion to grant the continuance.

■ Counsel for petitioner urge that the telegram was incompetent evidence because it was not sworn to and bore no indication that it was from Dr. Earl. But we cannot agree with this theory. The fact of illness must be established by some evidence satisfactory to the trial judge. True, this is generally by a sworn statement in the form of either an affidavit or certificate of a physician, 17 C.J.S., Continuances, § 29, p. 213, but there is no set rule with reference to the character of evidence required in such cases and we are persuaded that the evidence of the defendant's wife, in connection with the telegram purported to

have been sent by Dr. Earl, was sufficient to invoke the exercise of the respondent judge's discretion in ruling on the motion for continuance.

The reluctance of this court to override the action of nisi prius courts in exercising their discretion respecting continuances or postponement of causes is traditional. We have often spoken of it and referred to the fact that this extraordinary writ of mandamus, usually employed to command official action rather than control discretion, should be very sparingly used in cases as the instant one, otherwise its use would become an "intolerable grievance" not only to this court but to the lower courts in their efforts to properly dispatch business. Ex parte Seals Piano & Organ Co., supra. This last cited case, noting this fact and that, before the writ will be awarded, a gross abuse of discretion must be shown, quoted approvingly from Ex parte South & N. A. R. Co., 44 Ala. 654, 656, the following, which is apropos here:

> "It is very evident that if this court should assume, by mandamus, to interfere in the control of one matter of discretion in the exercise of their jurisdiction by the inferior courts of the State, it might interfere with all matters of a like character. Then every contested order for a continuance, in every court of the State, would in this way, sooner or later, be brought here for review. This would be an intolerable grievance indeed. Such has not heretofore been considered the office of the important writ of mandamus. It is not granted to control matters of discretion. * * *"

As stated, this is a borderline case, but it is doubtful to our minds that the writ should be awarded even to require the assessment against the defendants of any of the court costs. So considered, it must be denied. Such writs are not issued in doubtful cases. There must be a clear legal right. 34 Am.Jur. 829, § 32; 831, § 36.

Writ denied.

All the Justices concur except STAKELY, J., not sitting.