WRIGHT, Retired Appellate Judge.
On March 24, 1995, Joseph Arthur Lane filed a complaint for divorce in the Coffee County Circuit Court. The wife answered and counterclaimed, seeking a divorce on the grounds of cruelty. She requested periodic alimony, an equitable division of property, and an attorney fee. Thereafter, the wife hired and terminated the services of numerous attorneys. The trial court granted the wife numerous continuances as the result of her employing various attorneys.
On the scheduled trial date, the wife appeared, pro se, and filed in open court a motion for a continuance. The wife advised the court that she had a heart condition and that her doctor advised her to avoid stress. The trial court denied the wife’s motion. Thereafter, the wife collapsed, and the wife’s adult daughter from a prior marriage transported her to the hospital. The daughter returned to court with a note from the wife’s treating physician, stating that the wife was under an extreme amount of stress and that any additional stress was “unadvised.” The doctor asked the judge to excuse the wife from attending court and stated that if the judge had any questions, he could contact the doctor. The trial court proceeded with the trial without the benefit of the presence of counsel for the wife.
Following testimony from the husband, the trial court entered a judgment, ordering the husband to pay $500 per month periodic alimony for a period of 60 months and to name the wife as the beneficiary of one-half of his monthly military retirement benefits. The trial court awarded the wife all of her property in Germany; the funds she received as a settlement of litigation regarding her injuries received in an automobile accident; her automobile; -the parties’ furniture, except for a grandfather’s clock and a table; and her IRA. The trial court awarded the husband his pickup truck, a Harley-Davidson motorcycle, and his IRA. The trial court ordered that the parties’ mutual funds be divided equally and ordered that the marital residence be sold, with the net proceeds divided equally. The wife filed a motion to alter, amend, or set aside the judgment, which the ■trial court denied.
The wife appeals, contending that the trial court abused its discretion in failing to grant a continuance when the wife was in the hospital and in failing to vacate the divorce judgment.
A trial court has broad discretion in the grant or denial of a motion for a continuance, and a trial court’s denial of a motion for a continuance will not be reversed unless an abuse of discretion is shown. Griffin v. American Bank, 628 So.2d 540 (Ala.1993). However, “[i]llness of a party which prevents his attendance at the trial is generally considered ground for a continuance where it appears that his presence is indispensably necessary and there is hope for an early recovery to health.” Ex parte Central Alabama Dry Goods Co., 238 Ala. 20, 22, 189 So. 56, 57 (1939) (citation omitted). Our supreme court also stated:
“ ‘To authorize or justify a continuance on the ground of the absence of a party, it must be made to appear that he is a competent and material witness, or that his presence is indispensable to a fair trial' of the merits of the cause; and that injustice may result to the applicant in the event of a refusal of the delay and his consequent inability to be present at the trial of the cause.’ ”
Ex parte Central Alabama Dry Goods Co., 238 Ala. at 22, 189 So. at 57 (quoting 13 Corpus Juris 140, section 36).
In this case the husband’s testimony demonstrates that the wife’s presence was indispensable. The husband did not know the -extent of the wife’s holdings and invest- *1234 merits in Europe. He did not know the amount of the parties’ mutual funds. The husband admitted that the wife has a heart condition and that while he was stationed in Korea, he paid the wife $1,250 per month for support.
After a 20-year marriage to a career military officer, the trial court terminated the wife’s rights and benefits as a spouse and a military dependent, including medical benefits for the treatment of her heart condition, without benefit of her input. The retirement benefits awarded to the wife are not available until the husband retires. The trial court’s division of property was made upon the uncertain testimony of the husband. Considering the record, we are convinced that equity requires the conclusion that the trial court abused its discretion in denying the wife’s request for a continuance, particularly after the denial of the wife’s motion for a new trial and after having all the evidence or lack thereof before the court.
The judgment of the trial court is reversed and this cause is remanded for a new trial.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, J., concurs.
YATES, MONROE, and CRAWLEY, JJ., concur in the result.
ROBERTSON, P.J., dissents.